Rhonda BURLESON, Appellant,

v.

Bill SHAW and Transamerican Insurance Company, Appellees.

No. 4743.

Court of Civil Appeals of Texas, Eastland.

Nov. 22, 1974.

Rehearing Denied Dec. 13, 1974.

---

John R. Bryant, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Dallas, for appellees.

McCLOUD, Chief Justice.

Plaintiff, Rhonda Burleson, sued Bill Shaw, District Clerk of Dallas County, and the surety on his bond, Transamerican Insurance Company, alleging that Shaw failed to properly discharge his duties. The trial court granted defendants' motion for instructed verdict and plaintiff has appealed. We affirm.

The record reflects that Prudential Insurance Company, an interpleader, in Cause No. 70–2170–I, Prudential Insurance Company of America v. Rhonda Burleson and Connie Farley paid $10,068.50, into the registry of the court. The final judgment entered in such cause directed Bill Shaw, District Clerk, to deliver the $10,068.50, to Rhonda Burleson. A supersedeas bond was filed on October 19, 1970, the day plaintiff's attorney had been previously instructed to come to the clerk's office to get the funds, and after the filing of such bond, Shaw refused to deliver the money as directed in the judgment. Cause No. 70–2170–I was later reversed and remanded by the Texas Supreme Court. Plaintiff seeks in this action to recover the interest which she lost by not having the use of the money deposited with the clerk.

The thrust of plaintiff's contention is that the evidence and reasonable inferences show that Bill Shaw on October 19, 1970, contacted Mr. Branten, attorney for Connie Farley, in cause No. 70–2170–I, and advised the attorney that a supersedeas bond had not been filed and unless one was filed on that date the funds would be paid to plaintiff.

Plaintiff contends such act by Shaw, who serves only in a clerical capacity, served no legitimate interest and constituted an actionable wrong.

We have not been cited, nor have we found, any case we consider in point. We hold that a court clerk who advises an attorney that a supersedeas bond has not been filed and there is a need for filing such a bond has not committed an actionable offense.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.