**STATE of Texas ex rel. CITY OF COLLEY-VILLE et al., Appellants,**

v.

**CITY OF HURST, Appellee.**

No. 17593.

Court of Civil Appeals of Texas, Fort Worth.

March 21, 1975.

Rehearing Denied April 25, 1975.

Tim Curry, Dist. Atty., Fort Worth, and Wilbur T. Knape, Bedford, for appellants.

George A. Staples, Jr., City Atty., Hurst, for appellee.

## OPINION

MASSEY, Chief Justice.

The dispute involved is between two neighboring municipalities whose extra-territorial jurisdiction overlaps land desired to be annexed by both; where in view of their inability to settle the matter between themselves there was resort to court action for apportionment allocation resolving the dispute.

We affirm the trial court's judgment.

October 12, 1973 this Court handed down its opinion in this same case, reversing a prior judgment of apportionment and allocation and remanding the cause for retrial. See City of Hurst v. City of Colleyville, 501 S.W.2d 140 (Fort Worth Civ.App., 1973, writ ref., n. r. e.). We observe that we could have, but did not, specify the action which could properly occur on retrial.

Construing our opinion the trial court concluded that retrial of the whole case, involving introduction of evidence which would constitute mere unnecessary repetition of that on former trial, was not the order of this Court; that what was ordered was a new adjudication of allocation under the evidence introduced upon the former trial. In that conviction the trial court proceeded, without evidence, to make the apportionment by judgment. It is from this judgment that Colleyville has appealed.

On this appeal, unlike the situation on former appeal, the State of Texas is a party. The State could have been a party to the former appeal, but chose not to be such. We take judicial notice of our own records, in particular of the prior record in this case. While the cause was pending for original trial the State of Texas, on relation of Frank L. Whitmire as Mayor of the Town of Colleyville, filed on July 25, 1972 its petition in *quo warranto* against the City of Hurst. The denomination of the pleading was that it was a counterclaim against Hurst in Hurst's suit against Colleyville; Colleyville became the individual defendant to the suit by Hurst.

August 10, 1972 an order of the trial court was entered striking the *quo warranto* proceeding by the State of Texas; and August 14, 1972 judgment was rendered in the case as one in which the

controversy was one between Colleyville and Hurst only, save the fact that notice was taken therein about what had been done to the State's case. From that judgment both Colleyville and Hurst perfected appeals. The State did not appeal. The State was not before this Court on the prior appeal. In other words the State of Texas accepted the order of the trial court dismissing its *quo warranto* proceeding and took no further interest in the case.

After the Supreme Court had acted upon Colleyville's Petition for Writ of Error from this Court's judgment of reversal and remand and the cause pended before the trial court for its further action, the State again became interested in this case. June 19, 1974 it filed anew a petition in *quo warranto* against Hurst, again in the form of a counterclaim in Hurst's suit against Colleyville. It was by inadvertence that an order of the trial court was entered which granted the State leave to file such. It is obvious, without necessity of citation of authority, that further State action against Hurst was without merit because the matter presented thereby had become *res adjudicata*. The trial court did not err in striking the *quo warranto* proceeding. The State's claim of error because of such action by the trial court is without merit.

After the Supreme Court had acted upon Colleyville's Petition for Writ of Error from this Court's judgment of reversal and remand and the cause was again pending in the trial court, Colleyville filed a pleading designated as its Third Amended Original Answer. This answer was stricken by the judgment of the trial court making new apportionment. Of this and the denial of right to present more evidence under such amended pleading there is complaint by several of Colleyville's points of error.

We have examined such Third Amended Original Answer. From the text thereof it is apparent that there is nothing therein which adds to matter already in pleadings before the court at time of the entry of its former judgment on August 14, 1972. Included therein is matter which is improper because it could only have relation to an action in *quo warranto* by the State of Texas, and this we disregard in writing the sentence immediately preceding. If the State could not present such allegations in a *quo warranto* proceeding because of the doctrine of *res adjudicata* Colleyville could not do so for it had not the right in any event. Furthermore Colleyville had already raised in its pleadings before the court at time of its former judgment all that was desired to be plead. There was impropriety in much of it because its consequence could only have availed some benefit to the State and not to Colleyville.

Understandable is Colleyville's desire to maintain its Third Amended Original Answer. By our opinion on date of October 12, 1973, we had held that Colleyville's former appeal was without merit. Our reversal of the former judgment was upon the appeal by Hurst. In our opinion was mention made that Colleyville's contentions could only be raised in a *quo warranto* proceeding and that Colleyville's individual attack would necessarily be collateral in nature. Perhaps this furnished occasion to the attempted resurrection of the State's *quo warranto* counterclaim, on which we have written hereinabove, properly dismissed by the trial court. By our holding on the former appeal was fixed the law of the case that became a matter of concern to Colleyville, to counter which there would appear necessity to inject new questions through amended pleadings. The attempt failed. By our holding on the instant appeal Colleyville has had its day in court, has been accorded all the rights of due process of law, and, we believe, has finally lost its case.

Colleyville has a point of error which complains because the trial court proceeded to judgment without sustaining Colleyville's Motion to Hold Cause in Abeyance pending final adjudication of Cause No. 141–21953–73, styled State of Texas ex rel.

City of Colleyville v. City of Hurst, Tex. Civ.App., 519 S.W.2d 698. This Court under its No. 17573 has heard the appeal from the judgment in such case. Opinion was delivered under date of January 31, 1975 and judgment was affirmed. A great deal was written therein about *res adjudicata*, multiplicity of suits, and vexatious litigation, all of which would have application to the instant matter.

■ This is the ordinary case. Nothing was wrong with the former adjudication of apportionment between Colleyville and Hurst, under Article 970a, Vernon's Ann. Tex.Civ.St., "Municipal Annexation Act", Sec. 3, subd. B., "Establishing extraterritorial jurisdiction", except a failure to honor the mathematical formula provided therein. The failure resulted in the erroneous apportionment and allocation of land for annexation purposes contrary to the provisions of the article. On remand, therefore, the duty for the trial court would be to render an apportionment judgment by taking into consideration the location and configuration of the amount of land to be allocated to the parties interested. The court's duty would be to make equitable apportionment in light of evidence upon what allocation, location, and configuration of land would constitute the greater good in the public interest. On this it would be proper to hear and consider evidence. The court did not hear evidence. Of this either of the parties would be entitled to complain. Colleyville appealed; Hurst did not.

■ We find under Colleyville's third point some mention made of the court's failure to afford opportunity to present evidence on such matters. However, we have concluded that what Colleyville stated under the point could not be treated as complaint of the specific error which might have been raised, for it was in no way germane to the point of error under which it was placed.

■ By Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943) we, as an Appellate Court, must look at the argument and presentation under a point of error to identify and pass upon the complaint made. Here Colleyville may not be considered to have made the complaint in its third point of error because the "light" shed by the presentation and argument thereunder could have no relation to the point. Under these circumstances the right to complain must be treated as waived.

We have severally considered the points of error by Colleyville and overrule all of them as without merit or because of the failure to demonstrate reversible error.

Judgment is affirmed.