**TOWN OF COLLEYVILLE, Appellant,**

v.

**The STATE of Texas ex rel. CITY OF HURST, Texas, Appellee.**

No. 17781.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 6, 1977.

Rehearing Denied Feb. 18, 1977.

Second Rehearing Denied March 18, 1977.

Wilbur T. Knape, Bedford, for appellant.

George A. Staples, Jr., Hurst, Tim Curry, Dist. Atty., Tarrant County, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

By *quo warranto* action the State of Texas, on relation of the City of Hurst, Texas, attacked certain annexation ordinances of the Town of Colleyville.

Following trial several of the ordinances were invalidated and declared void by the judgment. Several other ordinances were declared to be valid.

In respect to the judgment invalidating its ordinances Colleyville appealed. In respect to those which the trial court refused to declare void and which were "validated" the State, Ex Rel. City of Hurst, appealed.

We affirm.

To have all the facts and circumstances perfectly clear would necessitate review of previous opinions of this court, as follows:

*State ex rel. Ratcliff v. City of Hurst,* 458 S.W.2d 696 (Tex.Civ.App., Ft. Worth, 1970, writ ref., n. r. e.);

*City of Hurst v. City of Colleyville*, 501 S.W.2d 140 (Tex.Civ.App., Ft. Worth, 1973, writ ref., n. r. e.);

*State ex rel. Colleyville v. City of Hurst*, 519 S.W.2d 698 (Tex.Civ.App., Ft. Worth, 1975, writ ref., n. r. e.);

*State ex rel. City of Colleyville v. City of Hurst*, 521 S.W.2d 727 (Tex.Civ.App., Ft. Worth, 1975, writ ref., n. r. e.)

(That Colleyville has been referred to at different times as "town" and as "city" may be disregarded.)

### The Colleyville Appeal

Pertinent circumstances are these: Colleyville and Hurst were involved in dispute concerning their conflicting extraterritorial rights. April 8, 1971, Hurst filed suit in District Court to have the court declare its exclusive extraterritorial rights within the disputed area by provisions of pertinent portion of Vernon's Ann.Tex.Civ.St., Art. 970a, Texas Municipal Annexation Act. Colleyville filed similar suit to have its rights adjudicated. The cases were consolidated. In resolution of the questions posed there was trial resulting in judgment which this Court reversed and remanded for limited action in retrial (501 S.W.2d 140), and there was such retrial, with judgment anew which apportioned to each city its exclusive extraterritorial jurisdiction. This second judgment was affirmed on appeal (521 S.W.2d 727).

In the style of the cases by the Southwestern Reporter one of them appears to have been a *quo warranto* suit and the other a suit in which the State was not a party. However, it was the identical case upon which we wrote in both instances and the reader may forget the fact that there ever had been any presence of the State of Texas.

On June 4, 1973, the instant *quo warranto* action was filed, on the relation of Hurst, to invalidate annexations by Colleyville of territory within that part of the disputed area apportioned by the trial court in the judgment which was affirmed at 521 S.W.2d 727. The State, Ex Rel. Hurst, prevailed as to all annexations of Colleyville lying within the area apportioned to Hurst, and rendered judgment invalidating these annexations.

Colleyville presents vigorous argument to the effect that the judgment of apportionment was utterly void and subject to collateral attack, and that it should be so held by this Court.

The general rule is that a judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, except for fraud in its procurement. *National Surety Co. v. Hemphill*, 13 S.W.2d 921 (Tex. Civ.App., El Paso, 1929, error refused). See also 24A Tex.D. "Judgment", XI(A) "Judgments Impeachable Collaterally", Key No. 470, "Judgments presumed valid in general". There is nothing presented justifying departure from the general rule. The rule requires that we affirm the judgment of the trial court where it has invalidated annexation ordinances of Colleyville.

### The State Ex Rel. Hurst Appeal

The annexation ordinances of Colleyville which the trial court refused to set aside permitted annexations by which Colleyville took land within the area of its extraterritorial jurisdiction conflicting or "overlapping" with that of the City of North Richland Hills. The State alleged that such was the case in its *quo warranto* proceeding.

The land claimed by Colleyville under its ordinances was the lesser portion of a greater area, as to the whole of which it could have proceeded to settle any apportionment question with the City of North Richland Hills. Sec. 3 of V.A.T.S. Art. 970a, the Municipal Annexation Act. Therein is provided accomplishment of settlement by having the respective governing bodies of the two interested municipalities provide in writing the agreed apportionment for exclusive extraterritorial jurisdiction, with approval thereof by ordinance or

resolution adopted by both. Further provision of the section is that where agreement cannot be reached there may be judicial apportionment by an appropriate district court; an example being the suit occasioning our prior opinions at 501 S.W.2d 140 and 521 S.W.2d 727. A part of the contention by the State that the Colleyville ordinances are void is based upon Colleyville's failure to comply with Art. 970a.

■ We consider provisions whereby there may be apportionment by agreement directory rather than mandatory under the circumstances. Where (as actually occurred in this case prior to judgment) a municipality presents itself as an intervenor in a judicial proceeding, by an appearance for the purpose of filing disclaimer of its right of extraterritorial jurisdiction, the other municipality's claim to exclusive extraterritorial jurisdiction over land (which might have been the subject of apportionment by Sec. 3 of Art. 970a) is admitted and conceded along with representation necessarily implied that there had been agreement upon apportionment—whether or not form and procedure be strictly in accord with statutory requirements.

By such action there is showing that there had been substantial compliance, appropriate under the circumstances, with the requirements of law for accomplishing apportionment. To honor the disclaimer of North Richland Hills would show Colleyville the only municipality claiming exclusive extraterritorial jurisdiction over that upon which a dispute could exist. Surely there should not be impediment to a Colleyville proceeding in annexation of territory within the area agreed to be apportioned if to do so would not constitute legal impropriety for some other reason. Here there would be no other reason.

■ Furthermore, and of greater consequence, we hold that where such a municipality has theretofore annexed the land as of time of the disclaimer the impediment is similarly removed, as though it had never existed, and that judgment rendered in validation of the annexation would not constitute such impropriety as to amount of re-versible error. No possible prejudice to an interested party would result from judicial validation. The invalidity, if any, would in such a case be cured by judicial validation. In the instant case remedy, if required, was supplied by the judgment rendered in the case.

■ We recognize that in so holding we have embarked upon statutory construction. To do so is warranted, we believe, when we regard the intent rather than the strict letter of the provisions of Sec. 3 B of Art. 970a. It could hardly have been the intent of the legislature that a new annexation should be required merely because a former ordinance of annexation had not been preceded by an agreement of apportionment in writing by the municipalities (after which the ordinances were passed in ratification) when they are proven to be in agreement thereupon as of the time of rendition of judgment in a *quo warranto* case which could "validate" those same annexations. 53 Tex.Jur.2d, pages 198 and 199, "Statutes", Sec. 136, "Ambiguous statutes", and Sec. 137, "Enlarging and restricting effect of language".

We take judicial notice of our own records. Of interest is that there was in 1972 a disclaimer (of extraterritorial jurisdiction to that entire area of which the Colleyville annexations would be part only) by North Richland Hills. In our records of the case, written upon in 501 S.W.2d 140 and in 521 S.W.2d 727, appears this earlier disclaimer of extraterritorial jurisdiction. Its operation was in favor of Colleyville and in extinguishment of North Richland Hills' claim to extraterritorial jurisdiction.

As a result of the 1972 disclaimer by North Richland Hills its extraterritorial rights ceased to exist within that extraterritorial area of Colleyville's jurisdiction where there would be "overlap". Under this factual situation there would be an additional justification for affirmance of the judgment. At time of the judgment on appeal any supposed jurisdictional right of North Richland Hills in the entire area of "overlap" and, necessarily, inclusive of the

portions thereof annexed by Colleyville, would be properly treated as non-existent.

All points of error of both the Town of Colleyville and the State, Ex Rel. City of Hurst, Texas, have been severally examined. Each is overruled.

The judgment is affirmed.

## ON MOTION FOR REHEARING

State, ex rel. City of Hurst, has taken us to task because of our construction of the law in manner so as to accord validity to Colleyville's 1971 annexation ordinances by the 1976 "waiver" of the City of North Richland Hills.

On this it says our holding is in conflict with our own prior holding in *State v. City of Fort Worth*, 363 S.W.2d 500 (Tex.Civ. App.—Fort Worth 1962, writ ref'd n. r. e.) in which Judge Boyd of this Court wrote: "Besides, if Everman's annexation ordinances were void on the dates they were enacted, the release of the territory by Fort Worth (extraterritorial jurisdiction overlap), had that happened, would not operate to revive such ordinances."

The statement by Judge Boyd was an observation which was not necessary to the holding of the case. Also, it antedated August 23, 1963, the effective date of V.A.T.S., Art. 970a, "Municipal Annexation Act", in which there was provision for judicial apportionment.

On this State ex rel. Hurst also says there is conflict with *City of Duncanville v. City of Woodland Hills*, 484 S.W.2d 111 (Tex.Civ. App.—Waco 1972, writ ref'd n. r. e.). We do not perceive conflict. Therein had been an ordinance waiving complaint and consenting to an annexation of territory by the other municipality, which ordinance was revoked by a subsequent ordinance enacted prior to annexation by the other municipality.

On the Colleyville motion for rehearing that municipality again insists that long prior to the litigation Colleyville had its one-half mile exclusive extraterritorial jurisdiction established, as its says—by legislative grant of August 23, 1963, by V.A.T.S.,

Art. 970a. Using the premise as a "springboard" Colleyville contends that the apportionment proceeding and judgments, constituting the subject matter of our prior opinions (501 S.W.2d 140 and 521 S.W.2d 727), were all void *ab initio* for want of power of the trial court to make the adjudication of apportionment; that the judgment ultimately affirmed was nevertheless proper for collateral attack at any time and in any proceeding.

We cannot agree with the contention of Colleyville. Furthermore, the opinions of this Court having received the stamp of the Supreme Court "writ refused, no reversible error", we consider it the duty of this Court to accord validity to the prior apportionment judgment. If not it would be the province of the Supreme Court, and not this intermediate court, to so declare.

Both parties' motions for rehearing are overruled.