Ardine O'NEAL and Ethel Mae O'Neal, Appellants,

v.

SHERCK EQUIPMENT COMPANY, INC., Appellee.

No. 9599.

Court of Appeals of Texas, Texarkana.

May 3, 1988.

L.L. "Mick" McBee, Jr., Dallas, for appellants.

Richard Grainger, Grainger, Howard & Davis, Tyler, for appellee.

GRANT, Justice.

Ardine O'Neal and Ethel Mae O'Neal (hereafter referred to as the O'Neals) appeal the dismissal of their case by the district court. The dismissal was based on special exceptions raised by Sherck Equipment Company (hereafter referred to as Sherck).

Ardine O'Neal was injured by a malfunctioning backhoe manufactured by the J.I. Case Company and rented to his employer by Sherck. The backhoe shovel fell while he was under it, causing injuries which resulted in partial paraplegia. The O'Neals' petition alleged that Sherck was liable for his injuries based on strict products liability. Sherck excepted to the petition. The O'Neals amended it, still basing their action upon strict products liability, and Sherck excepted again. The O'Neals refused to amend further, and the trial court dismissed the cause.

The final petition alleges that the product was defective and unreasonably dangerous and that it became so while owned by Sherck because of improper upkeep by Sherck. The O'Neals further allege that the machine was defective and unreasonably dangerous because there was no warning or instructions to the user about the machine's tendency to fall.[1] The O'Neals further allege that Sherck was aware of the dangerous propensities of the excavator because it had previously malfunctioned causing the boom to fall.

---

1. The O'Neals allege in their final petition that the product in question was defective and unsafe for its intended purposes at the time it left the control of the defendant:

In this connection, the product was defective and was unreasonably dangerous to Plaintiff at the time it left the control of the Defendant such that the boom control malfunctioned allowing the boom and bucket to fall on Plaintiff. The product became defective and unreasonably dangerous while owned by and within the control of Defendant Sherck. Such condition probably developed because the machine was not properly maintained, repaired, tested and inspected by Defendant Sherck. Further, the excavator/back hoe was defective and unreasonably dangerous to Plaintiff in that there were no warnings or instructions of the dangerous propensities of the boom and boom lifting mechanism to fall such as it did on the occasion in question. Plaintiffs, therefore, invoke the doctrine of strict liability in Sections 402A and 402B, Restatement of Torts, 2nd, as adopted by the Supreme Court for the State of Texas.

On appeal, a judgment of dismissal for failure to state a cause of action will be sustained only if the allegations of the pleadings taken as true and construed most favorably in behalf of the pleader do not state a cause of action. *City of Round Rock v. Smith,* 687 S.W.2d 300 (Tex.1985). If we determine that the trial court properly sustained the special exceptions and that no cause of action remains, the trial court properly rendered a final judgment of dismissal. *Hubler v. City of Corpus Christi,* 564 S.W.2d 816 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n.r.e.) (and cases cited therein). The trial court has a large degree of discretion in ruling on special exceptions. Its ruling will not be disturbed on appeal unless an abuse of discretion is shown. *Hubler, supra;* 3 R. McDonald, *Texas Civil Practice in District and County Courts* § 10.14.2 (rev. 1983).

The O'Neals allege that Sherck is liable for his damages under a theory of strict products liability. Their counsel candidly admits that he brought the suit in this manner rather than in a negligence action to avoid a reduction in damage recovery of $2,000,000 from his settlement with the manufacturer, rather than a reduction in damage recovery based upon a percentage of causation which would be the standard in a products liability cause of action.[2]

In the case of *McKisson v. Sales Affiliate Inc.,* 416 S.W.2d 787 (Tex.1967), the Texas Supreme Court recognized the concept of strict products liability as set out by Restatement (Second) of Torts § 402A (1965). The Restatement language is as follows:

> Special Liability of Seller of Product for Physical Harm to User or Consumer
>
> (1) One who sells any product *in a defective condition* unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

> (a) the seller is engaged in the business of selling such a product, and

> (b) it is expected to and does reach the user or consumer without substantial change *in the condition in which it is sold.* (Emphasis added.)

■ Although the Restatement speaks in terms of the seller of the product, strict products liability has been extended to anyone in the business of supplying such products who introduces the product into the channels of commerce whether by sale or by lease. *Rourke v. Garza,* 530 S.W.2d 794 (Tex.1975).

■ The approach to strict products liability differs noticeably from the concept of negligence. Negligence evaluates the conduct of the products supplier while strict tort liability focuses on the condition of the product. *Turner v. General Motors Corp.,* 584 S.W.2d 844 (Tex.1979); *Gonzales v. Caterpillar Tractor Co.,* 571 S.W. 2d 867 (Tex.1978).

■ In order to recover under a theory of strict liability, a plaintiff must establish

(1) the defective and unreasonably dangerous condition of the defendant's product, and

(2) a causal connection between such condition and the plaintiff's injuries or damages.

*Lucas v. Texas Industries, Inc.,* 696 S.W. 2d 372 (Tex.1984); *Armstrong Rubber Co. v. Urquidez,* 570 S.W.2d 374 (Tex.1978).

■ Sherck contends that in order to qualify as a strict products liability case, it must fall in one of three categories: (1) a product may be proven to be defective if it is unreasonably dangerous in its construction, or (2) if it is unreasonably dangerous as designed, or (3) if the item is unreasonably dangerous because adequate warnings or instructions are not provided. *Lucas v. Texas Industries, Inc., supra; Armstrong Rubber Co. v. Urquidez, supra.* Sherck

---

**2.** The court in *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984), stated that the comparative negligence statute will "of course, continue to govern cases in which the plaintiff alleges only negligence." The court goes on to say that "in multiple defendant cases in which grounds of recovery other than negligence are established, the non-settling defendants' liability and the plaintiff's recovery shall be reduced by the percent share of causation assigned to the settling tortfeasor."

contends that the O'Neals' allegations that the defective condition came about while the product was in possession of Sherck cannot provide a basis for strict liability recovery. He further argues that the pleadings assert grounds which could constitute negligence which would preclude a recovery on strict liability. We do not believe that strict products liability is limited only to a defect that existed at the time the product came from the manufacturer. *Coca Cola Bottling Co. of Houston v. Hobart*, 423 S.W.2d 118 (Tex.Civ.App.–Houston [14th Dist.] 1967, writ ref'd n.r.e.).

In the plain language of Restatement (Second) of Torts § 402A, if the product when introduced into the channels of commerce is "in a defective condition, unreasonably dangerous to the user," the seller is subject to liability. The test is with regard to "the condition in which it is sold," not when the defect came into being. The Restatement gives the example in Comment i (after Section 402A) that the defective condition may arise from decay or deterioration before sale. Obviously, this is a condition that could occur after the manufacturer has sent the product to the retailer.

A plaintiff can seek relief under either the theory of negligence or the theory of strict products liability. If he seeks relief under the theory of strict products liability, the defendant cannot then come forward and assert its own negligence as a defense. The strict liability approach simply eliminates the necessity of the plaintiff having to prove the defendant's negligence, but the plaintiff's unnecessary pleading that the defect was caused by the defendant's negligence does not preclude the strict liability action from being tried.

Section 402B of Restatement (Second) of Torts was also cited by the O'Neals in their petition. The Restatement (Second) of Torts § 402B (1965) provides liabili-

ty for one engaged in the business of selling who makes a misrepresentation of a material fact concerning the character or quality of an item sold by him. Liability applies even though the seller was not negligent or involved in fraud, and the consumer has not purchased the item. The O'Neals' pleadings contain no misrepresentation language to support the use of Section 402B.

The O'Neals also contend that the trial court could not take into account the settlement between them and J.I. Case Company. Sherck pled that settlement within its special exceptions as a bar[3] (and further as an election of remedies), arguing that since the manufacturer had settled, the O'Neals have released the party ultimately liable under a strict products liability theory of recovery.

This argument was improperly raised by Sherck as a special exception. Tex.R.Civ.P. 91. A special exception should confine itself to pointing out defects in the other party's pleading that should be remedied before a substantive response is required. The exception cannot inject factual allegations that do not appear in that pleading. *Augustine By Augustine v. Nusom*, 671 S.W.2d 112 (Tex.App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.). When a defendant seeks relief by excepting to a pleading based upon facts which do not appear in the plaintiff's petition, it is equivalent to a "speaking demurrer," which is permitted by neither former nor present practice in this State. *Ragsdale v. Ragsdale*, 520 S.W.2d 839 (Tex.Civ.App.–Fort Worth 1975, no writ). In the present case that is precisely what Sherck has done. We find this is error.

This finding of error does not preclude Sherck from pleading and obtaining credit for the settlement pursuant to the guidelines set forth in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984).[4]

3. Texas courts have held since *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971), that releasing one joint tortfeasor does not discharge the other tortfeasors, unless the release specifically identifies them.

4. Statutory law has been amended to include strict liability, but this suit was commenced prior to the effective date of the present statute pertaining to settlements. Tex.Civ.Prac. & Rem. Code Ann. §§ 33.001 and 33.012 (Vernon Supp. 1988). Therefore, in accordance with the re-

If Sherck offers proper proof of the alleged settlement, it will be entitled to the submission of a jury issue on the percentage of the settling manufacturer's causation, so that its own liability, if any, may be reduced by a credit for any share of causation assigned to the manufacturer. *Accord v. General Motors Corp.,* 669 S.W.2d 111 (Tex.1984).[5]

The judgment of the trial court is reversed, and this case is remanded for further proceedings in accordance with this opinion.

quirements of the amending act, damages will be determined by reference to the law in effect prior to the amendment. Tort Reform Act, ch. 2 § 4.05, 15 Tex.Sess.Law Serv. 71 (Vernon); see note following Tex.Civ.Prac. & Rem.Code Ann. § 9.001 (Vernon Supp.1988).

5. If the factfinder determines that the causation of the O'Neals' damages is attributable entirely to the manufacturer, then Sherck will not be liable to the O'Neals.