**Ramiro VILLARREAL, Appellant,**

v.

**Carlos MARTINEZ and the Texas Department of Public Safety, Appellees.**

**No. 13–91–152–CV.**

Court of Appeals of Texas, Corpus Christi.

June 16, 1992.

John F. Hood, Brownsville, Yolanda L. Garza, San Benito, for appellant.

Demetri Anastasiadis, Asst. Atty. Gen., Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Executive Asst. Atty. Gen., Michael P. Hodge, Asst. Atty. Gen., Chief, Enforcement Div., Austin, for appellees.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from the dismissal of a suit for damages for personal injuries alleged to have been intentionally inflicted on appellant by Carlos Martinez. It alleges liability not only on the part of Martinez but on the part of the Texas Department of Public Safety (DPS). DPS's liability is claimed for "negligent and (sic) entrustment which leads to False arrest, False Imprisonment and malicious prosecution." The Attorney General of Texas filed an answer for both Martinez and DPS. The answer consisted of a general denial and a plea of the affirmative defenses of self defense and legal justification. The answer also included a counter-claim for "his injury and property damage" as well as special exceptions claiming defendant was entitled to "qualified immunity" and asserting his defense of "quasi-judicial" immunity. The only request for relief contained in the defensive pleading is a request for judgment on the counter-claim. We reverse the dismissal and remand the case for further proceedings in the trial court.

On December 18, 1989, appellant sued appellees for assault committed incident to arrest. Six months after filing their answer and counter-claim, appellees filed a motion for default judgment based on the fact that appellant had not answered the counter-claim. The court set a hearing on appellee's special exceptions for August 20, 1990. On that date, appellees appeared and, instead of ruling on the special exceptions, the trial court signed an order granting the default judgment.

The trial court entered an "Order Sustaining Defendant's Special Exceptions" on September 20, 1990. Trial of the case had previously been set for December 3, 1990. Four days before trial, appellant filed amended pleadings. On the day of trial, both parties appeared, and the trial court noted that the default judgment was not final because it contained no language which would show its finality. However, the trial court granted appellees' motion to dismiss appellant's case because appellant had not amended his pleadings within seven days of trial. The court refused to allow the late amendment of the pleadings, and since the special exceptions had been granted, appellant's original petition did not state a cause of action.

Appellant brings twelve points of error. The first two deal with the default judgment. Since all parties agree that this judgment never became final, we find it unnecessary to discuss these points.

Points of error three through nine complain of the granting of the special exceptions alleging, qualified and quasi-judicial immunity. We agree that it was error for the trial court to grant these special exceptions.

■ Tex.R.Civ.P. 85 provides that a defendant's pleadings may consist of, among other things, special exceptions and matters in avoidance and estoppel. The purpose of special exceptions is to furnish the adverse party a medium by which to force clarification of pleadings when they are not clear or sufficiently specific. *Yeager Elec. & Plumbing Co. v. Ingleside Cove Lumber & Builders, Inc.*, 526 S.W.2d 738, 742 (Tex.Civ.App.—Corpus Christi 1975, no

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

writ.). Immunities are affirmative defenses. *See Perry v. Texas A & I Univ.*, 737 S.W.2d 106, 110 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). They open a way to establish independent reasons why the plaintiff should not recover, even if the facts alleged in the petition are correct. *Hays Consol. Indep. School Dist. v. Valero Transmission Co.*, 645 S.W.2d 542, 546 (Tex.App.—Austin 1982, writ ref'd n.r.e.). Affirmative defenses are matters of avoidance and must be proven at the trial of the case. *Gulf Colo. & S.F. Ry. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958). Appellee cites several federal cases for the proposition that immunity defenses are threshold issues that must be determined before a case may proceed. This is not the rule in Texas. Here an affirmative defense is interposed to defeat a prima facie case made by the plaintiff. When, as here, the trial court sustains special exceptions, the injured party has two options: he may amend to meet the exception, or he may stand on the pleading, refuse to amend, and test the validity of the trial court's ruling on appeal. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). When the effect of the trial court's sustaining the exception is to dismiss the cause of action, exceptions have the effect of the old general demurrer, and upon appellate review, the allegations of plaintiff's petition must be taken as true. *Hubler*, 564 S.W.2d at 820. Because the pleadings called special exceptions were affirmative defenses and not exceptions, the trial court erred in sustaining them. The appellant's original pleadings stated a cause of action. It was error for the trial court to dismiss the case. We sustain appellant's points of error three through nine.

Because of our ruling on points three through nine, it is not necessary that we discuss the remaining points. *See* Tex. R.App.P. 90(a).

The judgment of the trial court is reversed and the case is remanded to the trial court.