IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-646-CV





BRYAN MAXEY,



 APPELLANT


vs.





ED PARSONS, H. BRYAN HICKS, MODENA CURINGTON, 


AND D. V. HAMMOND,



 APPELLEES


 




FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 14,454, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING



 




PER CURIAM



 Appellant Bryan Maxey appeals from orders of dismissal by which the district court
of Burnet County dismissed his claims against appellees Ed Parsons, H. Bryan Hicks, Modena
Curington, and D. V. Hammond. (1) The trial court dismissed the claims after sustaining appellees'
special exceptions. We will affirm the orders of dismissal.

 Maxey owned and operated a water system that supplies water to residents of a
subdivision located in Burnet County. In December 1988, he filed suit against Parsons seeking
an accounting of funds residents allegedly had paid him as trustee for Maxey. Hicks represented
Parsons in this proceeding. Maxey asserted that these funds were intended to pay for
improvements to the water system and that he had completed the improvements. Parsons
counterclaimed for malicious prosecution. After a hearing, at which Maxey did not appear, the
trial court granted Parsons' motion for summary judgment, rendered judgment that Maxey take
nothing, and awarded Parsons damages in the amount of $22,500. The Honorable D. V.
Hammond presided in the cause; Modena Curington was and is the Burnet County district clerk. 
Maxey did not appeal the summary judgment.

 He did, however, file a petition for bill of review seeking to set aside the summary
judgment. In that proceeding, Maxey asserted that he did not receive notice of the filing of
Parsons' counterclaim, of his summary judgment motion, or of the setting of the hearing on the
motion; and did not receive timely notice of the rendition of judgment from the district clerk. (2) 
The trial court denied the petition for bill of review; this Court affirmed the trial-court order. See
Maxey v. Parsons, No. 3-90-202-CV (Tex. App.--Austin Mar. 13, 1991, writ denied) (not
designated for publication).

 On May 13, 1992, Maxey filed the proceeding that underlies this appeal. Maxey
asserted that appellees were at fault in the 1989 summary-judgment proceedings and the
subsequent proceedings to collect the judgment. He sought damages from each and requested the
trial court to set aside all judgments in favor of Parsons. All appellees filed special exceptions
asserting that Maxey's petition failed to state a cause of action. See Tex. R. Civ. P. 90, 91. 
After Maxey filed several amended petitions, the trial court dismissed all claims with prejudice.

 Maxey presents five points of error on appeal. Although he asks this Court to
reverse the orders granting special exceptions and the orders of dismissal, the points of error
assert error in the granting of the summary judgment. See generally Tex. R. App. P. 74(d),(f). 
That judgment is not, however, subject to a collateral attack on the bases that Maxey alleges. 
Walton v. Stinson, 140 S.W.2d 497, 499 (Tex. Civ. App.--Dallas 1940, writ ref'd); Ex parte
Hovermale, 636 S.W.2d 828, 833 (Tex. App.--San Antonio 1982, orig. proceeding); Town of
Colleyville v. State ex rel. City of Hurst, 547 S.W.2d 659, 661 (Tex. Civ. App.--Fort Worth 1977,
writ ref'd n.r.e.). Because Maxey may challenge only the orders sustaining special exceptions
and the subsequent orders of dismissal in this appeal, we construe the points of error to assert that
the trial court erred in sustaining the special exceptions and dismissing the cause.

 A special exception is the appropriate way for a defendant to urge that a plaintiff
has failed to plead a cause of action. Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.
1983); Villarreal v. Martinez, 834 S.W.2d 450, 451 (Tex. App.--Corpus Christi 1992, no writ). 
A trial court may dismiss a claim for failure to state a cause of action only after the plaintiff has
an opportunity to amend the pleadings. Texas Dept. of Corrections v. Herring, 513 S.W.2d 6,
9 (Tex. 1974); McAlister v. Medina Elec. Coop., Inc., 830 S.W.2d 659, 661 (Tex. App.--San
Antonio 1992, writ denied).

 An appellate court will sustain a judgment of dismissal for failure to state a cause
of action only if the allegations of the pleadings, taken as true and construed most favorably on
behalf of the pleader, do not state a cause of action. City of Round Rock v. Smith, 687 S.W.2d
300, 301 (Tex. 1985); O'Neal v. Sherck Equip. Co., 751 S.W.2d 559, 561 (Tex. App.--Texarkana
1988, no writ). If this Court determines that the trial court properly sustained the special
exceptions and that no cause of action remained, the order of dismissal was proper. O'Neal, 751
S.W.2d at 561; Hubler v. City of Corpus Christi, 564 S.W.2d 816, 820 (Tex. Civ. App.--Corpus
Christi 1978, writ ref'd n.r.e.). The court's rulings on special exceptions will not be disturbed
on appeal absent a showing of abuse of discretion. Slentz v. American Airlines, Inc., 817 S.W.2d
366, 368 (Tex. App.--Austin 1991, writ denied); Townsend v. Memorial Medical Center, 529
S.W.2d 264, 267 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.). A trial court abuses
its discretion when it acts in an unreasonable or arbitrary manner, or when it acts without
reference to any guiding rules and principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223,
226 (Tex. 1991); Downer v. Aquamarine Operators, Inc.,701 S.W.2d 238, 241 (Tex. 1985). 

 Based on the record before this Court, we conclude that the trial court did not err
in dismissing the claims. Maxey directs his points of error at essentially two actions: (1) Judge
Hammond's rendition of summary judgment and (2) the district clerk's failure to send notice of
the signing of that judgment immediately, pursuant to Tex. R. Civ. P. 306a(3). Both Hammond
and Curington specially excepted on the basis that Maxey did not assert sufficient facts to
overcome their claim of judicial immunity. (3) See Turner v. Pruitt, 342 S.W.2d 422, 423-24 (Tex.
1961); Spencer v. City of Seagoville, 700 S.W.2d 953, 957-58 (Tex. App.--Dallas 1985, no writ). 
We have reviewed Maxey's pleadings and conclude that Maxey has not shown that the trial court
abused its discretion in sustaining the special exceptions as to Curington and Hammond. See
generally Burleson v. Shaw, 516 S.W.2d 686, 687 (Tex. Civ. App.--Eastland 1974, writ ref'd).

 We conclude further that Maxey has not preserved error as to any complaints
regarding the dismissal of the claims against Hicks and Parsons. The amended petition, filed on
August 26, 1992, was the live pleading when the trial court dismissed the claims against Hicks
and Parsons on September 1, 1992. Tex. R. Civ. P. 64, 65; Radelow-Gittens Real Property
Management v. Pamex Foods, 735 S.W.2d 558, 559 (Tex. App.--Dallas 1987, writ ref'd n.r.e.); 
Dolenz v. All Saints Episcopal Hosp., 638 S.W.2d 141, 142 (Tex. App.--Fort Worth 1982, writ
ref'd n.r.e.). Although it requests relief from Hicks and Parsons, the amended petition does not
allege any facts stating a cause of action against Hicks or Parsons. Furthermore, the actions
discussed under the points of error complain only of the actions of Hammond and Curington.

 Accordingly, we overrule the points of error and affirm the orders of dismissal.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: May 26, 1993

[Do Not Publish]

1.   The district court dismissed the claims against Parsons and Hicks on September 2,
1992, and the claims against Curington and Hammond in two orders rendered on October
15, 1992. See H.B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192, 193 (Tex. 1963); Ramones v.
Bratteng, 768 S.W.2d 343, 344 (Tex. App.--Houston [1st Dist.] 1989, writ denied) (when court
issues interlocutory order that disposes of some defendants and then issues subsequent order
disposing of remaining parties, second order is final and appealable). This Court originally
docketed the proceeding as three separate appeals but now proceeds under only one cause. See
Maxey v. Parsons, No. 3-92-646-CV (Tex. App.--Austin Feb. 10, 1993) (not designated for
publication).
2.   To be entitled to the bill of review, a party must plead and prove (1) a meritorious
defense to the cause of action alleged to support the judgment (2) that he was prevented from
making by fraud, accident, or wrongful act of his opponent, (3) unmixed with any fault or
negligence of his own. Transworld Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407, 408 (Tex.
1987); Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950). Maxey relied on the
contentions listed to satisfy the second and third elements. See Maxey v. Parsons, No. 3-90-202-CV, slip op. at 2 (Tex. App.--Austin Mar. 13, 1991, writ denied) (not designated for publication).
3.   We note that a claim of immunity is an affirmative defense. Villarreal v. Martinez, 834
S.W.2d 450, 452 (Tex. App.--Corpus Christi 1992, no writ); see Tex. R. Civ. P. 94; Davis v. City
of San Antonio, 752 S.W.2d 518 (Tex. 1988); Eakle v. Texas Dept. of Human Servs., 815 S.W.2d
869, 875 (Tex. App.--Austin 1991, writ denied). Accordingly, the claim is not appropriately
considered on special exceptions. Villarreal, 834 S.W.2d at 452; see Bader v. Cox, 701 S.W.2d
677, 686-87 (Tex. App.--Dallas 1985, writ ref'd n.r.e.).