# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00768-CV

**John B. Gordon and Ruth A. Gordon, Appellants**

**v.**

**Randall C. Staudt, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
NO. 01-0002-CC1, HONORABLE DONALD HUMBLE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

After the justice court dismissed a suit filed by appellants John B. Gordon and Ruth A. Gordon against appellee Randall C. Staudt, the Gordons filed the same suit in the county court at law. Staudt filed a plea in abatement, asserting that the Gordons= suit was barred by limitations and asking that the suit be dismissed. The county court dismissed the Gordons= suit with prejudice, and this appeal follows. We will reverse the dismissal and remand the suit for further proceedings.

**Factual and Procedural Background**

In 1995 to 1996, Staudt ran for the Texas Senate.  In May 1995, John Gordon agreed to provide consulting and support services for Staudt=s campaign; John testified that because he and Staudt were friends, he agreed to work on Staudt=s campaign for less than such work would usually cost.  The Gordons contend that Staudt agreed to pay about $1,200 a month for John=s services, but Staudt contends that he agreed to pay only as much as he could afford from his limited campaign budget.  Staudt also contends that John stopped working on the campaign several weeks before the primary was held on March 8, 1996; the Gordons contend that John continued providing services for about two weeks after the primary.  In January and March 1997, the Gordons sent Staudt two demand letters stating that he owed them $6,000.  Staudt refused to pay, believing he did not owe them any money.

On March 6, 2000, the Gordons sued Staudt in justice court, seeking $4,800 for consulting services rendered to Staudt=s campaign. Following a hearing in which Staudt introduced bills submitted by the Gordons during the campaign, it became apparent that the amount in controversy was $7,100, not $4,800, and therefore exceeded the justice court=s $5,000 jurisdictional limit. *See* Tex. Gov=t Code Ann. ' 27.031(a)(1) (West Supp. 2004). On December 18, 2000, the justice court dismissed the Gordons= suit without prejudice, and on January 2, 2001, the Gordons refiled their suit in the county court at law, seeking $7,100 plus attorney=s fees. The Gordons relied on section 16.064 of the civil practice and remedies code to toll the running of the statute of limitations against their claims.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. ' 16.064 (West 1997). Staudt filed a plea in abatement, arguing that the Gordons filed their claim in justice court Awith intentional disregard of proper jurisdiction@ and could not therefore rely on section 16.064 to toll the running of limitations, and asking that the Gordons= claims be dismissed. The Gordons filed a reply, asserting that they had filed in the justice court believing in good faith that the damages were within that court=s jurisdictional limits. Following an evidentiary hearing, the county court signed an order sustaining Staudt=s plea in abatement and dismissing the Gordons= suit with prejudice,[2] and the Gordons appealed.[3]

---

[1] Section 16.064 tolls the running of limitations from the date a plaintiff files an action in one trial court until the filing of the same action in a different court if (1) the first action is dismissed, set aside, or annulled for lack of jurisdiction, and (2) the second suit is filed within sixty days of the dismissal or disposition of the first action. Tex. Civ. Prac. & Rem. Code Ann. ' 16.064(a) (West 1997). Section 16.064(a) does not apply if the first action was filed with Aintentional disregard of proper jurisdiction.@ *Id.* ' 16.064(b).

[2] The county court=s order states that Staudt=s plea in abatement challenged the sufficiency of the Gordons= pleadings on the grounds that: (1) there was no contract between the parties and therefore no breach; (2) if there was a contract, there were conditions precedent; and (3) if a contract did exist, the statute of limitations had run on any claim the Gordons may have had. However, Staudt=s plea in abatement

**Was Staudt=s Limitations Issue Properly Decided as a Plea in Abatement?**

argues only that the Gordons= suit should be barred as untimely filed because they filed their claims in the justice court with intentional disregard for that court=s jurisdictional limits. Staudt did not make any argument related to the merits of the Gordons= claims and whether there was a contract between the parties.

[3] Staudt has filed a motion to have the Gordons= brief, or portions thereof, stricken due to the Gordons= inclusion of and reference to several documents that were not made part of the record in the county court. We agree with Staudt that the Gordons may not rely on those documents in this appeal and we sustain his motion as far as it asks this Court not to refer to the offending documents. We will not, however, strike the Gordons= brief. Instead, we will ignore the documents and any argument advanced by the Gordons that relies on such documents.

Generally, a plea in abatement seeks to defeat the subject suit but would not bar the plaintiffs from bringing another suit on the same cause of action, while a defense that defeats the cause altogether should be pleaded in bar. *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354 (Tex. App.CSan Antonio 1999, pet. denied); *Taliaferro v. Warren*, 30 S.W.2d 393, 394 (Tex. Civ. App.CDallas 1930, no writ); *see Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 214 (Tex. 1958). A plea in abatement has different consequences than a plea in bar or a plea to the jurisdiction. A plea in abatement, if sustained, requires an abatement of the cause until the obstacle to its further prosecution is removed, while a plea to the jurisdiction, if sustained, requires a dismissal, and a plea in bar, if sustained, requires a judgment that the claimant take nothing. *Texas Highway Dep=t v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967). A defendant bringing a plea in abatement should identify the obstacle to the suit=s continuation and an effective cure and ask the trial court to suspend the suit until the defect is corrected. *Martin*, 2 S.W.3d at 354; *see American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001). The trial court should give the plaintiff an opportunity to cure the defect and not dismiss immediately; if the plaintiff does not correct the defect, the trial court may dismiss the suit without prejudice. *Martin*, 2 S.W.3d at 354; *see Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 374 (Tex. App.CCorpus Christi 1999, no pet.).

Limitations is an affirmative defense, and a defendant asserting limitations must plead, prove, and secure findings on that issue. Tex. R. Civ. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Limitations may be addressed by way of special exceptions[4] or other preliminary hearing only if it is clear from the face of the plaintiff=s pleadings that limitations have run. *See Armstrong v. Snapp*, 186 S.W.2d 380, 383 (Tex. Civ. App.CFort Worth 1945, no writ); *Steele v. Glenn*, 57 S.W.2d 908, 913 (Tex. Civ. App.CEastland 1933, writ dism=d w.o.j.). A plea in bar should not be sustained through a preliminary hearing unless (1) the parties agree to such a procedure, or (2) the plea is brought by way of summary judgment procedures. *Kelley*, 309 S.W.2d at 214; *Piper v. Estate of Thompson*, 546 S.W.2d 341, 343-44 (Tex. Civ. App.CDallas 1976, no writ). The title of a defendant=s plea is not controlling; the trial court should look to the substance of the plea and treat it accordingly. Tex. R. Civ. P. 71; *see Jarrell*, 418 S.W.2d at 488; *Piper*, 546 S.W.2d at 344; *Armstrong*, 186 S.W.2d at 383; *see also Kelley*, 309 S.W.2d at 214-15 (AThe practice of misnaming a plea in bar in order to procure a preliminary trial as if the plea were one in abatement is confusing and not to be encouraged.@).

---

[4] Special exceptions are intended to force clarification of unclear or vague pleadings. *Villarreal v. Martinez*, 834 S.W.2d 450, 451 (Tex. App.CCorpus Christi 1992, no writ). An affirmative defense, on the other hand, asserts that the plaintiff should not recover even if the alleged facts are true. *Id*. at 452; *Hays Consol. Indep. Sch. Dist. v. Valero Transmission Co.*, 645 S.W.2d 542, 546 (Tex. App.CAustin 1982, writ ref=d n.r.e.).

We recognize that section 16.064 states that limitations are not tolled Aif the adverse party has *shown in abatement* that the first filing was made with intentional disregard of proper jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. ' 16.064(b) (emphasis added). However, Aabatement,@ which is formally defined as A[t]he act of eliminating or nullifying,@ or A[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim,@ *Black=s Law Dictionary* 2 (7th ed. 1999), in Texas procedure refers more to the suspension of a defective cause while some curative action is sought, not the immediate dismissal or defeat of such an action. *See* Tex. R. Civ. P. 150-160 (abatement of suit). Despite the language of section 16.064 and the title used by Staudt, his plea was actually one in bar rather than in abatement because it sought to show that the Gordons could never recover. *See Smith v. City of Dallas*, 404 S.W.2d 839, 842 (Tex. Civ. App.CDallas 1966, no writ); *Pucek v. Koppa*, 32 S.W.2d 248, 249 (Tex. Civ. App.CWaco 1930, no writ); *Couger v. Allen*, 25 S.W.2d 666, 669 (Tex. Civ. App.CFort Worth 1930, no writ).

The Gordons= pleadings do not on their face show that limitations had run, and the record does not indicate that the parties agreed to try Staudt=s defense in a preliminary hearing.[5] Such an issue is more appropriately raised by way of a motion for summary judgment or by trial on the merits. We therefore

---

[5] In Staudt=s original answer, he asserted limitations as an affirmative defense. About a year later, Staudt filed his Aplea in abatement,@ but did not at that time set it for hearing. In response, the Gordons filed a motion seeking sanctions on the grounds that Staudt=s plea in abatement lacked merit and was untimely filed. Shortly after Staudt filed his plea, the Gordons also filed traditional and Ano-evidence@ motions for summary judgment and set their motions for hearing. *See* Tex. R. Civ. P. 166a(a), (i). Staudt then filed an amended plea and set it for hearing at the same time as the Gordons= motions. At the hearing, after the Gordons= attorney described their pending motions, the parties= attorneys launched into argument on the motions and Staudt=s plea, largely focusing on the propriety of the Gordons= justice court filing. The county court allowed witness testimony related to Staudt=s plea.

examine Staudt=s motion to determine whether he established his defense as a matter of law. Staudt must have shown that the Gordons filed in the justice court either (1) after limitations had already run, or (2) in a bad faith attempt to confer improper jurisdiction on the justice court, knowing that jurisdiction was proper in the county court.

**Did Staudt Prove His Affirmative Defense as a Matter of Law?**

A motion for summary judgment is properly granted only if the movant establishes that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.CAustin 2000, no pet.). A defendant seeking summary judgment based on an affirmative defense must prove each element of the defense as a matter of law, leaving no issues of material fact. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996). A defendant moving for judgment on a limitations defense must prove when the cause of action accrued. *See Steel*, 997 S.W.2d at 224; *Sanchez*, 924 S.W.2d at 927-29. If the plaintiff relies on a tolling statute, the defendant must also negate the applicability of the statute. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). Not until the defendant shows that the plaintiff=s cause is barred by limitations does the burden shift to the plaintiff to establish tolling. *See Wise v. Anderson*, 359 S.W.2d 876, 880 (Tex. 1962); *Harris v. Columbia Broadcasting Sys., Inc.*, 405 S.W.2d 613, 617 (Tex. Civ. App.CAustin 1966, writ ref=d n.r.e.). In reviewing the grant of summary judgment, we make every reasonable inference, resolve all doubts, and view the evidence in the light most favorable to the non-movant. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Holmstrom*, 26 S.W.3d at 530.

*Was the Gordons=Justice-Court Suit Filed After Limitations Ran?*

In their second issue, the Gordons argue that the county court erred in finding that they filed their suit in the justice court after limitations had already run. On appeal, Staudt contends that there was evidence that the Gordons= cause of action accrued more than four years before they filed their suit in justice court on March 6, 2000.**[6]** He asserts that the county court Acould have found that the earliest date upon which [Staudt] could have breached his alleged agreement to pay the Gordons was prior to March 6, 1996,@ and attacks the Gordons= claim that it was Auncontroverted@ that their cause accrued on or after March 22, 1996. We agree that the evidence does not establish as a matter of law that the Gordons= cause accrued on or after March 22, 1996. However, neither does the evidence establish as a matter of law that their cause accrued before March 6, 1996. In hearing a plea in bar in a summary proceeding, a trial court must make all inferences and interpret all evidence in favor of the non-moving party, in this case, the Gordons. It was not for the county court to hear conflicting evidence and decide which evidence was more persuasive. Staudt did not show as a matter of law that the Gordons= cause of action accrued more than four years before they filed their suit in justice court. We sustain the Gordons= second issue on appeal.

*Did the Gordons File in the Justice Court in Bad Faith?*

In the Gordons= third and fourth issues, they attack the county court=s findings that they did not Aprove facts sufficient to bring [their] action under Section 16.064@ and that they filed their suit in justice court in intentional disregard for that court=s jurisdiction. Staudt argues that sufficient evidence supports the

---

**[6]** We note that Staudt=s plea in abatement did not assert that the Gordons= justice court suit was filed after limitations had run. In fact, his plea states that the Gordons= cause of action Aoccurred, if at all, on or before March 22, 1996.@

10

county court=s finding that the Gordons acted with such intentional disregard. However, this was not a trial on the merits, and the standard under which we will review the county court=s decision is the standard applied in summary judgment proceedings.

If a plaintiff files suit and is dismissed for lack of jurisdiction, he may then file the same cause in a different trial court within sixty days, and section 16.064 will toll the running of limitations for the time between the filing of the two actions. Tex. Civ. Prac. & Rem. Code Ann. ' 16.064(a). However, section 16.064 will not toll limitations if the first suit is filed with intentional disregard for the first court=s jurisdiction. *Id*. ' 16.064(b). Although the tolling statute is to be liberally construed to effectuate Aits manifest objectiveCrelief from penalty of limitation bar to one who has mistakenly brought his action >in the wrong court,=@ its reach is not unbounded. *Clary Corp. v. Smith*, 949 S.W.2d 452, 461 (Tex. App.CFort Worth 1997, pet. denied) (quoting *Burford v. Sun Oil Co.*, 186 S.W.2d 306, 310 (Tex. Civ. App.CAustin 1944, writ ref=d w.o.m.)).

To support his contention that the Gordons filed in justice court in clear disregard for that court=s jurisdiction, Staudt points to letters sent by the Gordons in 1997 demanding $6,000. However, the Gordons testified before the county court that they believed $4,800 was a fair estimate of the amount Staudt owed them, that they filed in the justice court in good faith, and that the $6,000 sought in their demand letters was merely Aa good starting point@ for negotiations. Gordon explained that Staudt owed three $1,200 payments for work from December through March 15, and that he believed he could only prove at most another $1,200 of expenses, totaling $4,800. Gordon said he had kept poor records of the money owed by Staudt, but thought it would not be an issue because he believed Staudt would keep his word.

11

After Staudt produced Gordon=s handwritten bills in a hearing before the justice court, the amount in question totaled $7,100, and the justice court dismissed the case. The evidence did not establish as a matter of law that section 16.064 did or did not apply to toll limitations. There is clearly a fact issue as to whether the Gordons filed their petition in justice court in bad faith. The county court erred in finding as a matter of law that the Gordons filed in justice court with intentional disregard for that court=s jurisdiction.

Further, the county court erred in finding that the Gordons failed to prove that section 16.064 should apply. It was not the Gordons= burden to prove jurisdiction, but rather Staudt=s burden to prove that limitations had not been tolled and had run on the Gordons= claims.[7] *See Steel*, 997 S.W.2d at 224; *Zale Corp.*, 520 S.W.2d at 891. We sustain the Gordons= third and fourth issues.

**Conclusion**

---

[7] In their fifth issue, the Gordons contend that the county court erred in finding that their county court suit was filed when limitations had run. We agree. Because there is a fact issue as to whether the Gordons filed in justice court in good faith, a fact issue remains as to whether limitations have been tolled since March 6, 2000.

12

We have sustained the Gordons= issues complaining of the county court=s granting of Staudt=s plea in abatement and dismissal of their lawsuit.[8]  We hold that the county court improperly dismissed the Gordons= suit based on Staudt=s plea in abatement.  We reverse the order of dismissal and remand the cause for further proceedings.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Reversed and Remanded

Filed:  February 20, 2004

---

[8] The Gordons also contend that: (1) the county court erred in hearing Staudt=s plea because it was filed more than a year after the Gordons filed their county court suit; and (2) Staudt waived his argument that the Gordons= justice suit was barred by limitations because he did not raise it before the justice court. Due to our holding on the Gordons= other points, we need not address whether Staudt=s plea was untimely filed, and we decline to hold as a matter of law that Staudt waived his affirmative defense of limitations.  We note that Staudt asserted limitations in his original answer filed in the county court, albeit with little discussion or detail.  As for the Gordons= assertion that Staudt did not raise limitations before the justice court, that argument relies on Staudt=s justice court pleadings, and it appears that those documents were not made part of the county court record.  As observed earlier, the Gordons may not rely on documents outside of the county court=s record for their arguments on appeal.  We further note that the Gordons did not raise this particular waiver argument before the county court and may not raise it for the first time on appeal. *See* Tex. R. App. P. 33.1(a).  We overrule the Gordons= first issue on appeal.

13