TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00433-CV






Jon Holmstrom, Appellant



v.



Edward R. Lee and Josephine R. Lee, Appellees






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 98-0-090, HONORABLE JACK H. ROBISON, JUDGE PRESIDING 







 Appellant Jon Holmstrom appeals from the district court's order denying his motion
for summary judgment and granting partial summary judgment in favor of appellees Edward and
Josephine Lee. We will affirm the summary judgment in favor of the Lees in part, reverse and
render summary judgment in favor of Holmstrom in part, and remand the issue of attorney's fees
to the district court.

 Holmstrom owned forty-three acres of land in Caldwell County. In 1986, he
signed a deed of trust covering two acres to secure a loan to build a house on that tract. The two-acre tract is land-locked by Holmstrom's remaining forty-one acres. To ensure access to a public
roadway, the lending bank required Holmstrom to create a fifty-foot wide road easement across
his other property to give the two-acre tract access to County Road 103 ("CR 103") along the
property line between Holmstrom's property and his neighbor's land. The two-acre tract is
separated from the neighbor's land only by the fifty-foot easement. On the two acres, Holmstrom
built a house that is fully equipped with sinks, toilets, baths, and showers. Because there is no
water supply located on the two-acre tract, Holmstrom connected the house to water lines that ran
across the easement and his other forty-one acres and piped water into the house. The house uses
a septic drain field that extends slightly beyond the two acres to Holmstrom's other property.

 In 1993 the bank foreclosed on the two-acre tract, and in 1997 the Lees bought the
property from the bank, intending to use it as their residence. About nine months later, the Lees
bought eighteen acres separated from their property only by the fifty-foot road easement. After
a number of disagreements about their use of the easement, the Lees sued Holmstrom, seeking
in large part a declaratory judgment that they were entitled to run water lines and to travel from
their house to their eighteen acres by crossing the road easement. The following graphic
illustrates the position and relationship of the properties concerned.



 Holmstrom moved for a no-evidence summary judgment, arguing the Lees could
not support any of their claims. Holmstrom also asserted the affirmative defenses of estoppel and
estoppel by deed, and asked for a declaratory judgment and injunction barring the Lees from
taking "unilateral actions" against Holmstrom's property. The Lees moved for partial summary
judgment, seeking (1) a declaratory judgment that they be allowed to use the septic field serving
the house even though it extended onto Holmstrom's property and to use the road easement to run
water lines and to travel between their house and their other property, (2) a temporary injunction
forbidding Holmstrom from interfering with the Lees' use of the easement during the pendency
of the lawsuit, and (3) attorney's fees. 

 The district court denied Holmstrom's motion and granted the Lees' motion,
declaring that (1) the Lees have the right to access the two-acre tract from their eighteen acres by
going across the easement, (2) the Lees have the right to use the existing water lines on and under
Holmstrom's property, (3) the Lees have the right to use the septic system drain field that lies
partially within Holmstrom's property, and (4) the Lees have the right to use, alter, repair, and
maintain telephone and electric lines that currently serve the two-acre tract. (1) The order
permanently enjoined Holmstrom from interfering with the Lees' use of and access to the two-acre
tract and provided that the Lees had the right to go onto Holmstrom's property as needed to see
that water was provided to their property. Finally, the order granted the Lees $16,535.08 in
attorney's fees. The district court severed the partial summary judgment into a separate cause,
thus rendering it a final, appealable judgment. 



Standard of Review

 A traditional motion for summary judgment is properly granted only when the
movant establishes that there are no genuine issues of material fact to be decided and that he is
entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Memorial Med. Ctr. v. Howard, 975 S.W.2d 691, 692 (Tex.
App.--Austin 1998, pet. denied). A defendant seeking summary judgment must negate as a matter
of law at least one element of each of the plaintiff's theories of recovery or plead and prove as a
matter of law each element of an affirmative defense. See Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995). If the defendant establishes a right to summary judgment, the
burden shifts to the plaintiff to present evidence raising a fact issue. See id.

 A party may also move for a "no-evidence" summary judgment. See Tex. R. Civ.
P. 166a(i). Such a motion asserts there is no evidence of one or more essential elements of claims
upon which the opposing party would have the burden of proof at trial. See id.; McCombs v.
Children's Med. Ctr., 1 S.W.3d 256, 258 (Tex. App.--Texarkana 1999, no pet.). Unlike a movant
for traditional summary judgment, a movant for a no-evidence summary judgment does not bear
the burden of establishing a right to judgment by proving each claim or defense. See McCombs,
1 S.W.3d at 258. A no-evidence summary judgment is essentially a pretrial directed verdict, to
which we apply the same legal sufficiency standard of review. See Jackson v. Fiesta Mart, Inc.,
979 S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.). A no-evidence summary judgment is
properly granted if the non-movant fails to produce more than a scintilla of probative evidence
raising a genuine issue of fact as to an essential element of a claim on which the non-movant
would have the burden of proof at trial. See Tex. R. Civ. P. 166a(i); Jackson, 979 S.W.2d at 70-71.

 In reviewing the grant of summary judgment, we view the evidence in the light
most favorable to the non-movant and make every reasonable inference and resolve all doubts in
favor of the non-movant. See Centeq Realty, 899 S.W.2d at 197; Jackson, 979 S.W.2d at 70. 
When the trial court grants one party's motion for summary judgment and denies the other, we
review both motions and if we find the trial court erred, we will reverse and render the judgment
the trial court should have rendered. See Bradley v. State ex rel. White, 990 S.W.2d 245, 247
(Tex. 1999); Howard, 957 S.W.2d at 693. 


The water lines and septic drain field

 In his first issue on appeal, Holmstrom contends that the Lees do not have any
easements to obtain water. (2) He also argues that in granting the Lees use of the existing water
lines, the district court erroneously granted relief not requested by the Lees and created sua sponte
a new cause of action.


Did the water lines and drain field create an implied easement?

 Holmstrom argues that the existence of the water lines and drain field did not give
rise to any kind of easement appurtenant. He contends that because the Lees bought the property
"as is" and the real estate listings stated there was no water or sewer on the property, they were
on notice that there was no water supply or septic system. However, whether there was an
easement for the existing water lines and septic drain is determined by examining the conveyance
from Holmstrom in exchange for the loan, not the conveyance from the bank to the Lees. We will
therefore examine Holmstrom's intent at the time he built the house and created the deed of trust.

 The deed of trust conveyed the two-acre tract, "together with all the improvements
now or hereafter erected on the property, and all easements, rights, appurtenances, . . . water
rights and stock and all fixtures now or hereafter a part of the property." Holmstrom built the
house with full indoor plumbing fixtures and ran water lines under his forty-one acres and the
road easement to pipe water to the house. He tied the house into a septic field that extends
partially beyond the two acres onto his other forty-one acres. When Holmstrom moved out, he
ran a line to his cabin on the remaining property and disconnected the house's water line. 
Holmstrom said someone must have reconnected the line and turned on the valve. When he
discovered the Lees were using the water lines, Holmstrom installed a valve to shut off water to
the house. 

 An easement appurtenant benefits the property to which it is attached; it cannot be
separated from the owner's rights in the land, and it passes with the property. See Drye v. Eagle
Rock Ranch, Inc., 364 S.W.2d 196, 203 (Tex. 1962); Roger A. Cunningham, et al., The Law of
Property § 8.2, at 440 (1984). Although an easement appurtenant passes by a deed's use of the
word "appurtenant," it is usually held that such an easement passes even without such an express
reference in the deed. See 2 Thompson on Real Property § 322, at 67 (John S. Grimes ed., 1980
Replacement); see also Graham v. Kuzmich, 876 S.W.2d 446, 448-49 (Tex. App.--Corpus Christi
1994, no writ). An owner who wishes to reserve a right or easement from conveying with the
property must make such reservation by clear language. See Graham, 876 S.W.2d at 449 (deeds
construed to convey greatest estate possible; reservations and exceptions in deed strongly
construed against grantor and for grantee). 

 Easements can be created by express grant, implication, necessity, or prescription. 
See 31A Tex. Jur. 3d Easements & Licenses in Real Property § 16 (1994); Cunningham § 8.4,
at 441. The general rule on implied easements is that when an owner conveys part of his land,
he impliedly conveys all apparent or visible easements on the part retained that were used by the
owner for the benefit of and are reasonably necessary for the use of the part conveyed. See
Westbrook v. Wright, 477 S.W.2d 663, 665-66 (Tex. Civ. App.--Houston [14th Dist.] 1972, no
writ); 31A Tex. Jur. 3d §§ 27, 29; Cunningham § 8.4, at 446; Thompson § 351, at 289. In
determining whether an easement should be implied, we consider factors such as the terms of the
conveyance, the necessity of the easement, the manner of use before the conveyance, and the
extent to which the earlier use was known to the parties. See Restatement of Property § 476
(1944); 31A Tex. Jur. 3d § 33. A water supply and some form of septic system are reasonably
necessary to the comfortable enjoyment of a residence. See Westbrook, 477 S.W.2d at 666.

 A water or sewer system that is not the subject of an express easement and that lies
under the common grantor's land is usually treated as an implied easement appurtenant. See id.;
Restatement of Property § 476 cmt. j, illus. 9 (drainage running from house on Blackacre under
Whiteacre conveys as easement when common owner sells Blackacre). Underground lines are
"apparent" if their existence is readily discoverable. (3) See Westbrook, 477 S.W.2d at 666;
Cunningham § 8.4, at 446. The general rule is:


A private water pipeline running across a lot owned by the grantor to another lot
owned by him on which was a residence supplied with water by such pipe is an
appurtenance passing with the land upon a conveyance of the residential property,
in the absence of any reservation or contrary provision in the deed.



Thompson § 322, at 66; see also Restatement (Third) of Property § 4.10 cmt. d, illus. 7 (Tentative
Draft No. 4, 1994) (O owns Blackacre and Whiteacre and lays sewer line across Blackacre to
house on Whiteacre; when O sells Whiteacre to A, A gets easement by implication). We endorse
this rule.

 When Holmstrom conveyed the tract and improvements later affixed to the property
in the deed of trust, he did not expressly reserve any water lines or the septic field designed to
serve the house he was building. The home Holmstrom constructed did in fact use the septic field
and water lines. See Van Sandt v. Royster, 83 P.2d 698, 702 (Kan. 1938). We hold that the
existing water lines and septic field are implied easements appurtenant that passed with the deed
of trust to the bank and from the bank to the Lees.


Did the district court grant relief outside the pleadings?

 Holmstrom points to statements made during the hearing on Holmstrom's special
exceptions, during which the Lees' attorney, in an attempt to clarify their pleadings and desired
relief, stated that the Lees wished to lay new water lines under the easement, not to use the
existing pipes. During a later hearing on the Lees' motion for temporary injunction, which was
denied, the Lees' attorney again said the Lees were seeking a temporary injunction to allow them
to lay a temporary water line from their eighteen acres across the easement.

 A trial court may not grant relief in the absence of pleadings supporting such relief. 
See Moreno v. Moore, 897 S.W.2d 439, 442 (Tex. App.--Corpus Christi 1995, no writ). The
purpose of pleadings is to give the parties notice of claims, defenses, and relief sought. See Perez
v. Briercroft Serv. Corp., 809 S.W.2d 216, 218 (Tex. 1991). That purpose is served when a
defendant pleads a defense that contemplates a particular remedy, despite the plaintiff's not having
requested the remedy. See id. When a plaintiff has included a general prayer for relief, the
propriety of a remedy depends not on the specific relief sought but on the facts pleaded and
proven. See Lee v. Boutwell, 44 Tex. 151, 153-54 (1875); Texas Power Corp. v. Kuehler, 34
S.W.2d 381, 384 (Tex. Civ. App.--Austin 1930) (op. on reh'g), modified on other grounds, 52
S.W.2d 76 (Tex. 1932). See also Sherrod v. Bailey, 580 S.W.2d 24, 29 (Tex. Civ. App.--Houston
[1st Dist] 1979, writ ref'd n.r.e.); Eppenauer v. Hoffman, 115 S.W.2d 478, 481 (Tex. Civ.
App.--Eastland 1938, no writ). Only relief consistent with the facts and pleaded theories may be
granted under a general prayer. See Kissman v. Bendix Home Sys., 587 S.W.2d 675, 677 (Tex.
1979).

 The Lees sought declaratory relief that they were entitled to a water easement over
and across Holmstrom's property and sought to run new lines from their eighteen acres under the
road easement to their home. The Lees noted that when Holmstrom built the house, he installed
water lines to the house across his forty-one acres, and alleged that when they bought the house,
water was coming through the lines and was available for use in the house. The Lees contended
that these facts gave rise to an implied water easement that Holmstrom obstructed when he "cut
off the water line." The Lees argued the existing water service was an appurtenance to the
property that passed with the house according to the deed of trust and stated there was a
reasonable necessity for them to have an easement over and across Holmstrom's property to obtain
water for their residential use.

 As discussed above, the facts show that the existing water lines were an easement
appurtenant, and the district court did not err in granting the Lees the right to use those existing
water lines. The relief granted was more limited than the Lees wished but was appropriate to the
facts alleged. 

 The Lees are entitled to use the septic field and the existing water lines, but they
must arrange for their own water supply; Holmstrom is not obligated to supply water for the Lees,
but he may not interfere with their use of the existing lines. See Thompson § 322, at 66 ("While
the right to the use of a water system may be appurtenant to land, it does not follow that a right
exists to have the water supplied free of charge."). The trial court did not err in awarding the Lees
use of the existing water lines and septic field.


Did the district court improperly expand the road easement?

 In his second issue on appeal, Holmstrom contends the district court erred in
allowing the Lees to cross the road easement to travel between their home and their eighteen
acres, arguing this improperly expands the nature of the easement and further burdens his
property. We agree.

 When an express easement exists, we look to the language of the easement to
determine the rights of access granted. See Adams v. Norsworthy Ranch, Ltd., 975 S.W.2d 424,
427 (Tex. App.--Austin 1998, no pet.). The right to select the location or purpose of an easement
belongs initially to the grantor at the time he conveys the easement with the dominant estate. See
Samuelson v. Alvarado, 847 S.W.2d 319, 323 (Tex. App.--El Paso 1993, no writ); Kearney & Son
v. Fancher, 401 S.W.2d 897, 905 (Tex. Civ. App.--Fort Worth 1966, writ ref'd n.r.e.). Once
established, the location or character of the easement cannot be changed without the consent of
the parties. See Samuelson, 847 S.W.2d at 323; Thompson § 386, at 532 ("One granting an
easement may limit the grant, and the grantee takes it subject to the restrictions imposed and
cannot enlarge or abuse his privilege."). The intention of the parties creating the easement is of
primary importance, and we will construe an easement to fulfill those intentions. See Fancher, 401
S.W.2d at 903-04; Thompson § 386, at 532 (consider scope and purpose of deed creating
easement, intention of parties, and situation of property at time of grant). To do otherwise would
require a grantor to expressly negate in the granting document every possible alternative purpose
or use of the easement. See, e.g., Fancher, 401 S.W.2d at 903-04.

 It is well established that an easement cannot be used to pass onto another parcel
of land; it can only be used to serve the land to which it is appurtenant. See Bickler v. Bickler,
403 S.W.2d 354, 359 (Tex. 1966); Jordan v. Rash, 745 S.W.2d 549, 553 (Tex. App.--Waco 1988,
no writ) (quoting Bickler); 25 Am. Jur. 2d Ways § 86, at 658 (1996); Cunningham § 8.9, at 460;
Thompson § 387, at 550 ("Under a grant of way between two points in, through and along a
particular strip of land, the grantee is not justified in making a transverse road across the same.
. . . Where one has a right of way over another's land to a particular close, he cannot extend that
right to other closes."); Restatement (Third) of Property § 4.11 cmt. b, illus. 2 (Tentative Draft
No. 4, 1994) (A assembled lot from Whiteacre, which included access easement over Blackacre,
and Brownacre, two adjoining lots bought from different owners, and built house straddling
Whiteacre and Brownacre; if Blackacre's owner did not know A's plans, A cannot use easement
over Blackacre to access part of house on Brownacre). In other words, unless the wording of the
easement creates a more extended right of use, a grantee cannot use it to benefit other land owned
by him. See Bickler, 403 S.W.2d at 359; Jordan, 745 S.W.2d at 553. 

 When Holmstrom signed the deed of trust to secure his construction loan, the bank
required him to include a road easement to give the two-acre tract access to a public road. He
complied, including in the grant a "50 foot road easement" that ran along the edge of his property
to CR 103. There is no evidence in the record that Holmstrom or the bank intended to afford the
two-acre tract access to any property other than the county road that could be reached by traveling
straight down the easement. That the Lees bought from a third party eighteen acres adjacent to
the road easement, intending to traverse the easement between the two tracts, does not change the
nature of the original road easement. The Lees cannot, acting unilaterally, expand or alter the
easement. The Lees are entitled to use the easement to travel from their home to the county road;
they are not entitled to use it more generally to connect their home to their other property. The
district court erred in granting the Lees the right to cross the easement to their eighteen acres
because it improperly expanded the express easement. We sustain issue number two.


Was Holmstrom entitled to summary judgment?

 In his third issue on appeal, Holmstrom argues he was entitled to summary
judgment on the Lees' claims. Having affirmed summary judgment in favor of the Lees as to the
water lines and septic field, we overrule that portion of issue three. Holmstrom has not briefed
his alleged entitlement to judgment on the Lees' other claims. As discussed above, we partially
sustain issue number three, holding that Holmstrom is entitled to summary judgment denying the
Lees the right to travel between their home and their eighteen-acre tract across the road easement.


The granting of attorney's fees

 In his fourth and final issue, Holmstrom contends the district court erred in
awarding the Lees attorney's fees. He argues some portion of the fees awarded were incurred by
attorneys working on issues on which the Lees lost, such as a motion and hearing for temporary
injunction. Because we are partially reversing the district court's judgment, we will reverse and
remand the award of attorney's fees for reconsideration in light of our holding. See Scott v.
Cannon, 959 S.W.2d 712, 723 (Tex. App.--Austin 1998, pet. denied).


Conclusion

 We affirm the district court's judgment as it awards the Lees use of the existing
water lines and septic drain field. We reverse and render judgment that the Lees are not entitled
to drive from their home across the road easement to access their eighteen acres. We reverse and
remand the award of attorney's fees for reconsideration in light of this opinion.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed in Part; Reversed and Rendered in Part; Reversed and Remanded in Part

Filed: August 10, 2000

Publish
1. Holmstrom does not attack the portion of the judgment that grants the Lees use of telephone
and electric lines.
2. Holmstrom does not directly attack the district court's granting the Lees the right to use the
septic drain field located partially on his remaining forty-one acres. However, he asserts his right
to full summary judgment denying all of the Lees' claims, which included an assertion of their
right to use the drain field. We will include the drain field in our discussion of the water lines.
3. Holmstrom points out that, while he lived in the house his water, which he obtained from
private sources, was sometimes interrupted, and urges that this weighs against finding the water
lines are an easement appurtenant. However, water or sewage need not flow continuously through
an underground system if the system is of a permanent nature. See Thompson § 354, at 323. 



f trust to secure his construction loan, the bank
required him to include a road easement to give the two-acre tract access to a public road. He
complied, including in the grant a "50 foot road easement" that ran along the edge of his property
to CR 103. There is no evidence in the record that Holmstrom or the bank intended to afford the
two-acre tract access to any property other than the county road that could be reached by traveling
straight down the easement. That the Lees bought from a third party eighteen acres adjacent to
the road easement, intending to traverse the easement between the two tracts, does not change the
nature of the original road easement. The Lees cannot, acting unilaterally, expand or alter the
easement. The Lees are entitled to use the easement to travel from their home to the county road;
they are not entitled to use it more generally to connect their home to their other property. The
district court erred in granting the Lees the right to cross the easement to their eighteen acres
because it improperly expanded the express easement. We sustain issue number two.


Was Holmstrom entitled to summary judgment?

 In his third issue on appeal, Holmstrom argues he was entitled to summary
judgment on the Lees' claims. Having affirmed summary judgment in favor of the Lees as to the
water lines and septic field, we overrule that portion of issue three. Holmstrom has not briefed
his alleged entitlement to judgment on the Lees' other claims. As discussed above, we partially
sustain issue number three, holding that Holmstrom is entitled to summary judgment denying the
Lees the right to travel between their home and their eighteen-acre tract across the road easement.


The granting of attorney's fees

 In his fourth and final issue, Holmstrom contends the district court erred in