# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00078-CV

**Sysco Food Services of Austin, Inc., Appellant**

**v.**

**Judith Miller, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
NO. 00-0672-CC1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Sysco Food Services of Austin, Inc. appeals from the summary judgment that it take nothing on its claims for damages resulting from breach of contract and fraud by Judith Miller. Sysco sued Miller and others to recover payment for deliveries made to a restaurant called Vincent's at Brushy Creek ("Vincent's"). Sysco contends that the trial court erred by denying Sysco's motion to strike summary-judgment evidence and by granting Miller's motion for summary judgment. We will affirm the no-evidence summary judgment.

## BACKGROUND

On September 13, 1999, Vincent Pisa signed a credit application with Sysco, requesting that Sysco deliver supplies to a restaurant; on the application, Pisa left the "ownership name" line blank, but wrote "Vincent's at Brushy Creek" on the line for "(dba) trade name." Pisa

checked a box to indicate that the applicant was a corporation, and did not check either partnership or limited liability company to describe the business form. In the section for "individual proprietors, general partners or corporate officers," Pisa listed both Miller and Carol Hall. Pisa signed the application as the authorized agent of Vincent's and dated it September 13, 1999. Hall signed in the section below Pisa's signature as an individual personal guarantor that the debt would be paid; she dated her signature September 15, 1999. Miller was not listed as a personal guarantor and did not sign the application anywhere. There is no signature by a Sysco representative or any indication on the application of when Sysco received or approved the application.

Records in evidence indicate that Sysco delivered supplies to Vincent's from September 16, 1999 until November 30, 1999. The restaurant closed December 31, 1999. Sysco claimed it was owed $6,974.28 for supplies delivered to the restaurant.

In January 2000, Sysco sued Hall, Miller, Pisa and Vincent's, alleging that Sysco had delivered supplies for which defendants failed to pay. Sysco alleged that Vincent's was the principal obligor and was a partnership. On April 21, 2000, the court rendered default judgments against Pisa and Vincent's for $6,974.28 plus interest, costs, and fees; these claims were severed from the others. Sysco then filed its First Amended Petition, substituting Round Rock Restaurant Group, L.L.C. ("RRRG") for Vincent's as principal obligor, and alleging that Hall, Miller, and Pisa were general partners of RRRG. On Miller's motion, the Travis County court at law transferred the case to Williamson County court at law.

After the transfer of venue and despite the default judgment against him, Pisa was served with citation. He filed an answer. Between October 2000 and January 2001, the court

2

rendered summary judgment against Hall, default judgment against RRRG, and summary judgment against Pisa. The court then severed all of these claims from the claims against Miller.

Miller filed a motion for summary judgment on both no-evidence and traditional grounds. She contended that there was no evidence that she was individually liable to Sysco because she did not sign the application in any capacity and because she was involved only as a member of RRRG, the limited liability company that was formed before the delivery of any supplies to Vincent's. She contended that there was no evidence that she committed fraud by representing that Sysco was dealing with a corporation when instead it was dealing with a limited liability company because the difference between the corporate forms did not meaningfully mislead or injure Sysco; she is shielded from individual liability under either business form. She argued that her affidavit negated all elements of Sysco's claims by proving that she did not mislead Sysco, had no contract with Sysco, and did not breach any duty to Sysco.

Sysco challenged Miller's affidavit and arguments. It complained that she did not lay the proper predicate for her assertions, assumed facts not in evidence, made conclusory statements, and perjured herself. Sysco attached many exhibits in support of its opposition to the summary-judgment motion, including copies of the application signed by Pisa and Hall. Sysco included certifications by the Texas Secretary of State that he had no record on file of any corporation, limited partnership or limited liability company by the name of Vincent's at Brushy Creek. The Secretary also certified that RRRG's articles of organization were filed on September 14, 1999; the articles list Pisa, Hall, Miller, and Michael Miller (appellee's husband) as members of RRRG.

3

The court overruled Sysco's objections to Miller's affidavit and granted her motion for summary judgment without stating a basis for either.

## DISCUSSION

On appeal, Sysco reiterates its challenges to the evidence and the grounds for summary judgment. We will first consider its challenge to the no-evidence basis for the summary judgment.

A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *See Jackson v. Fiesta Mart*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claims on which it would have the burden of proof at trial. *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). A no-evidence summary-judgment motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting an element rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

4

We must examine the merits of the motion as to both the breach-of-contract claim and the fraud claim.

### *Breach of contract*

The essential elements of a breach-of-contract claim are that a valid contract existed, that the plaintiff performed, that the defendant breached, and that the plaintiff has suffered resulting damages. *Scott v. Sebree*, 986 S.W.2d 364, 372-73 (Tex. App.—Austin 1999, pet. denied).

Miller does not contest that Sysco had a contract, performed, and was not paid. Instead, she moved for summary judgment on grounds that there was no evidence that she was individually liable on Sysco's contract. Miller contended that her only involvement in any transaction involving Vincent's was as a member of a limited liability company formed before the delivery of any supplies.

Sysco did not produce a contract signed between itself and Miller, but argues that there is at least a fact issue regarding whether Miller was a general partner in a partnership that signed a contract with Sysco. It contends that the application with Sysco signed by Pisa was made with Miller's knowledge and approval. In its response at trial to the summary-judgment motion, Sysco reasoned that, because the contract indicates that the contracting party is a corporation doing business as Vincent's when no such corporation existed, a partnership must exist in place of the corporation; Sysco argued that persons such as Miller listed in the application as "proprietor, general partner, or officer" of the company are liable as partners. Sysco contended that the formation of RRRG the day after the application was signed is irrelevant to Miller's liability because the application does not mention RRRG.

5

We conclude that Sysco has not produced evidence in support of every element necessary to show that it is entitled to recover from Miller individually on the contract. Although it is undisputed that no corporation existed at the time Pisa signed the application or was ever formed to own or run the restaurant, Sysco has presented no genuine issue of fact on each element regarding whether Miller was part of a partnership that was liable on the contract with Sysco. A partnership consists of an express or implied agreement containing four required elements: (1) a community of interest in the venture, (2) an agreement to share profits, (3) an agreement to share losses, and (4) a mutual right of control or management of the enterprise. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176 (Tex. 1997); *see also* Tex. Rev. Civ. Stat. Ann. art. 6132b-2.03 (West Supp. 2003). There is some evidence that Miller had a community of interest with Pisa and Hall, that she agreed to share whatever profits materialized, and had a mutual right of control of the restaurant with them. But there is no evidence that Miller agreed to share the losses of the business; rather, the only evidence—found in Miller's deposition testimony—is that Miller, Pisa, and Hall did not have any discussion or agreement regarding how or whether losses would be shared. Sysco argues that a partnership should be implied because Miller authorized Pisa to contract on her behalf. But critically missing is evidence that Miller authorized Pisa to act as a partner or in any other way that would bind her personally. There is no evidence that Miller authorized Pisa to involve her in the transaction in any way other than in her capacity as a member of a business form that limits the personal liability of its principals. *See* Tex. Bus. Corp. Act Ann. art. 2.21 (West 2003) (corporation); Tex. Rev. Civ. Stat. Ann. art. 1528n § 4.03 (West 2003) (limited liability company). Nor is there any evidence that Pisa purported to represent Miller as a general partner or in any other way that would bind her

6

personally. Authorization to represent and bind the corporation or Limited liability company is not the same as authorization to represent and bind Miller personally or as a partner.

Sysco has presented no evidence that Miller is personally liable on the face of the contract or that personal liability can be imputed to her.

*Fraud*

Fraud refers to "an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage." *Vela v. Marywood*, 17 S.W.3d 750, 760 (Tex. App.—Austin 2000, pet. denied). It may consist of both active misrepresentation and passive silence. *Id*. "A false representation of a past or present material fact, when one has a duty to speak the truth, is a frequent ground for recovery in fraud when another relies on the representation to her detriment, even in an ordinary arms-length transaction where only the ethics of the marketplace apply." *Id*. at 761.

Miller moved for summary judgment, contending that she did not defraud Sysco by authorizing or failing to correct a representation that the restaurant was owned or run by a corporation. She argued that the fact that the restaurant was run by a limited liability company rather than a corporation made no difference to Sysco with respect to her personal liability because she was not personally liable under either business form.

Sysco contends that the record contains evidence of fraud. Miller represented in her affidavit that she had personal knowledge of RRRG's business records. This includes the application, which Miller acknowledged was inaccurate in representing that Vincent's was owned by a corporation. Miller undisputedly did not correct this misinformation. Miller approved

7

purchases based on this application. Miller also signed a letter to Sysco in January 2000 stating that the business was closed and that "[t]he corporation is bankrupt." Sysco also submitted affidavits of its employees showing that they did not know of the existence of RRRG.

None of this evidence shows that any misrepresentation made or not corrected by Miller injured Sysco. The difference in the business form represented on the application and that in existence, both at the time of the application and subsequently, does not injure Sysco with respect to its fraud claim unless it led Sysco to believe that Miller would be individually liable when she is not. Viewed most favorably to Sysco, the evidence shows that Miller, through Pisa's completion of the application, told Sysco that it was dealing with a corporation. There is no evidence that Miller or anyone else, actively or passively, led Sysco to believe it was dealing with a partnership or any business form that would leave Miller individually liable. There is no evidence that Sysco believed it was dealing with a partnership or any business form other than one with limited liability for its principals; as noted, liability of principals is limited under both the corporate and the limited-liability-company business forms. *See* Tex. Bus. Corp. Act Ann. art. 2.21 (West 2003) (corporation); Tex. Rev. Civ. Stat. Ann. art. 1528n § 4.03 (West 2003) (Limited liability company). Sysco tried to protect itself by getting a personal guaranty from Hall, but did not get a similar guaranty from Miller. There is no evidence that Miller, actively or passively, caused Sysco not to get a personal guaranty from Miller. Although Sysco undisputedly was not fully paid for its deliveries to Vincent's, there is no evidence that the misrepresentation that a corporation existed injured Sysco in any way. There is no evidence that Miller made any misrepresentation regarding the business form that damaged Sysco.

Because we conclude that, even considering Miller's affidavit, the record contains no evidence to support Sysco's claims against Miller, resolution of the dispute concerning the admissibility of that affidavit is not necessary to our disposition of the appeal. Accordingly, we need not consider whether the court erred by overruling Sysco's objections to Miller's affidavit. *See* Tex. R. App. P. 47.1

## CONCLUSION

We affirm the summary judgment because no evidence supports all of the essential elements of Sysco's claims against Miller. We do not consider Sysco's challenges to Miller's affidavit or to any other basis for the judgment. *See* Tex. R. App. P. 47.1. We affirm the judgment.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: August 14, 2003

9