# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00457-CV

**Gregory Daniels, Appellant**

**v.**

**Laurie Eiserloh, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. GN303060, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In August 2003, appellant Gregory Daniels, representing himself pro se, sued appellee Laurie Eiserloh, an attorney, as well as Betty and Kate Trimble, two of Eiserloh's clients on whose behalf Eiserloh sought and obtained a protective order against Daniels. Daniels asserted claims for malicious prosecution, fraud, constructive fraud, and abuse of process, arguing that Eiserloh and the Trimbles lied and exaggerated facts to obtain the protective order. The trial court granted summary judgment for the Trimbles in March 2005 and later severed them from the suit. Eiserloh filed a no-evidence motion for summary judgment on April 11, Daniels filed a third amended petition on April 18, and Eiserloh filed a "supplemental" motion for summary judgment on April 21. On May 12, the day of the hearing on Eiserloh's motions, Daniels filed a response and requested additional time for discovery. Eiserloh filed objections to the response and Daniels's evidence that same day,

arguing that Daniels's response was untimely and that the evidence to which he pointed did not raise fact issues. The trial court granted Eiserloh's objections and denied Daniels leave to file his documents. The court then granted Eiserloh's motions, ordering that Daniels should take nothing by his suit against her. Daniels appeals from the order in favor of Eiserloh; his claims against the Trimbles are not before us. Daniels complains that the trial court improperly disregarded his evidence, should have granted him additional time for discovery, and should not have required him to prove Eiserloh's intent with absolute certainty.[1] We affirm the order of summary judgment.

A no-evidence summary judgment is essentially a pretrial directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). A defendant seeking a no-evidence summary judgment need not prove her right to judgment as a matter of law but instead asserts that there is no evidence of one or more essential elements of the plaintiff's claim. Tex. R. Civ. P. 166a(i); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). We consider the evidence in the light most favorable to the non-movant and disregard contrary evidence and inferences. *King Ranch*, 118 S.W.3d at 751. A no-evidence motion is properly granted if the non-movant does not produce more than a scintilla of probative evidence raising an issue of material fact with respect to the essential elements attacked by the movant. Tex. R. Civ. P. 166a(i); *King Ranch*, 118 S.W.3d at 751. More than a scintilla exists if reasonable people could differ in

---

[1] Daniels is representing himself pro se, and his brief largely explains his version of the facts underlying his lawsuit, providing little in the way of argument or authority supporting his issues. *See* Tex. R. App. P. 38.1(h). We will attempt to discern and address Daniels's arguments as thoroughly as possible. However, pro se litigants must comply with the same procedural rules as parties represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

2

their conclusions about the evidence; evidence amounts to less than a scintilla if it does no more than create a surmise or suspicion of a fact. *King Ranch*, 118 S.W.3d at 751. The non-movant need not marshal his proof, but must point to evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i) cmt.

In his first issue, Daniels complains that the trial court should have considered exhibits in the court's file that he argues showed more than a scintilla of evidence that Eiserloh "breached her legal obligations and committed constructive fraud." We disagree.

Eiserloh argued that Daniels could not show the following elements of malicious prosecution: malice, lack of probable cause, termination in Daniels's favor, and special damages. As for fraud, Eiserloh contended that there was no evidence of any false representation, that she knew any representations were false or was reckless as to the truth, that she intended to induce Daniels into acting on a misrepresentation, or that Daniels relied on a misrepresentation. Finally, Eiserloh argued that Daniels could not show that she made an illegal, improper, or perverted use of process, either before or after process issued; that she had an ulterior motive in using process; or that Daniels was harmed by any misuse of process. In her supplemental motion, filed after Daniels amended his petition to add constructive fraud as a cause of action, Eiserloh argued there was no evidence to show she had a duty to Daniels or breached any such duty. Daniels's response, filed the day of the hearing, argued that his affidavit seeking more time for discovery showed that "demands on Plaintiff's time and financial resources have hampered his ability to conduct complete discovery." Daniels also referred to exhibits attached to Eiserloh's "traditional" motion for summary judgment filed in November 2004 and asserted that those exhibits raised fact issues as to his claims. Daniels's

3

arguments in response to Eiserloh's no-evidence motion read in their entirety as follows:

> 1) **Constructive Fraud** - Plaintiff disputes Laurie Eiserloh's denial that she made false representations knowingly. Based on the facts and evidence as indicated in Plaintiff's Third Amended Petition, a jury could reasonably conclude Laurie Eiserloh unlawfully and knowingly made false statements to improperly obtain an ex-parte hearing for the purpose of obtaining a restraining order. Furthermore, the wording of that order, as interpreted by Judge McCown, effectively placed the Plaintiff under house arrest (due to the proximity of the two residences) without the benefit of proper hearing.
>
> 2) **Malicious Prosecution** - Despite Defendant Laurie Eiserloh unlawfully and knowingly obtained the restraining order through false allegations [sic], on August 3rd, 2001, Defendant filed a show cause order claiming two (2) violations of that restraining order. (*Exhibit 3 - Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant, Laurie Eiserloh*)
>
> 3) **Abuse of Process** - At this time, it is unclear as to the identities of the defendants that were responsible for the use of process in the prior case for the purpose of unlawfully gaining exclusive parking rights to a public street and thereby violating the civil rights of the Plaintiff. Further discovery should reveal the individuals responsible.

Daniels failed to point to specific evidence raising fact issues on the elements attacked by Eiserloh.[2] Instead, he merely restated his allegations and argument, making conclusory statements such as, "Eiserloh unlawfully and knowingly obtained the restraining order through false allegations," without pointing to any proof that, for example, Eiserloh acted with malice, knowingly or recklessly made misrepresentations, or misused process. Indeed, in his response related to abuse of process, Daniels stated that he did not know the identity of those who allegedly misused process.

---

[2] Daniels did not make any mention of fraud and it appears that he abandoned this cause of action when he filed his third amended petition, which alleged only constructive fraud, malicious prosecution, and abuse of process.

4

Further, Daniels's response was filed on the day of the hearing in violation of rule of civil procedure 166a(c), which provides that the non-movant "not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." Tex. R. Civ. P. 166a(c). Daniels asserts on appeal that "although at the start of the hearing, Judge Scott Jenkins stated he would allow Appellant's late filed Summary Judgment Response and Evidence to be considered, he later signed Laurie Eiserloh's order granting her objection to his consideration of said document." However, we have no record of the hearing, and the trial court was not obligated to consider Daniels's late-filed response, filed without seeking leave of court and without explanation for its untimeliness. *See id*. ("[e]xcept on leave of court," response must be filed at least seven days before hearing). Daniels did not raise fact issues on the essential elements of his claims, and the trial court properly granted summary judgment for Eiserloh. We overrule Daniels's first issue on appeal.

Daniels next complains that the trial court did not consider his motion for additional time to conduct discovery. On the date of the summary-judgment hearing, Daniels filed an affidavit "in support of plaintiff's request for additional discovery time," stating that he was the victim of various illegal acts between March 2001 and March 2002 and that "[l]imited time statutes necessitated the filing of four (4) separate and unrelated District Court cases simultaneously." He asserted that the various responses required in the cases had consumed all his time and financial resources, "thus preventing timely pursuit of discovery in both this and other pending cases." The trial court did not make a written ruling on Daniels's affidavit.

Daniels stated in his original petition that the case would be under a Level 2 discovery plan. *See* Tex. R. Civ. P. 190.3. Under a Level 2 discovery plan, "[a]ll discovery must be conducted

5

during the discovery period," which runs from the date the petition is filed until thirty days before trial or nine months after the first oral deposition or the due date of the first response to written discovery, whichever is earlier. Tex. R. Civ. P. 190.3(b)(1)(B). Eiserloh presented evidence that she filed a request for disclosure on September 9, 2003. Thus, Daniels's response was due thirty days later, on October 9, and the discovery period ended nine months later, on July 9, 2004. Eiserloh's motion for a no-evidence summary judgment was filed about nine months later, in April 2005, and Daniels's request for additional time was filed one month later, on the day of the hearing. Daniels did not assert that he had made discovery attempts, nor did he show grounds that would require additional time for discovery, and the trial court was not obligated to give Daniels more time to conduct discovery. We overrule Daniels's second issue on appeal.

In his third issue, Daniels asserts that the trial court improperly required him to "produce absolute evidentiary proof" of Eiserloh's tortious intent, whereas he should only have had to show that "a reasonable person might conclude such facts based on available evidence." However, other than stating this issue in the "issues presented" section of his brief, he presents no argument in support of this issue. *See* Tex. R. App. P. 38.1(h). Further, Eiserloh asserted a lack of evidence of many of the elements of Daniels's claims, and because Daniels failed to raise a fact issue as to elements other than Eiserloh's malicious intent, summary judgment was proper even if the court imposed an improper burden on Daniels regarding intent. We overrule Daniels's third issue.

6

Having overruled Daniels's issues on appeal, we affirm the trial court's granting of a no-evidence summary judgment in Eiserloh's favor.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Waldrop

Affirmed

Filed:   September 27, 2007

7