# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00363-CV

**Carolyn Reininger, Appellant**

**v.**

**Texas Building and Procurement Commission, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-04-002284, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

### O P I N I O N

Carolyn Reininger sued her former employer, the Texas Building and Procurement Commission ("TBPC"), under the Texas Whistleblower Act, s*ee* Tex. Gov't Code Ann. §§ 554.001-.010 (West 2004 & Supp. 2007), alleging that she was wrongfully terminated for making a good-faith report of a violation of law. *See id*. § 554.002(a) (West 2004). Specifically, Reininger alleged that TBPC terminated her in retaliation for her making a good-faith report to the comptroller's office that TBPC was violating the law by allowing private vendors to deposit state funds in the vendor's bank accounts. In fact, the private vendors had provided the State with a bank letter of guarantee, and the procedure had been pre-approved by the state auditor's office.

TBPC sought summary judgment on traditional and no-evidence grounds challenging various elements of Reininger's claim. Among other grounds, TBPC asserted that the comptroller's office was not "an appropriate law enforcement authority" for purposes of Reininger's whistleblower

claim and that there was no evidence that Reininger could have believed in good faith that it was. The district court granted summary judgment in favor of TBPC without specifying the grounds on which it relied. Reininger appeals. We will affirm the district court's judgment.

## STANDARD OF REVIEW

Under the traditional standard, a summary-judgment motion is properly granted when the movant establishes that there are no genuine issues of material fact to be decided and that he is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). In reviewing a summary judgment, we accept as true all evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant moving for summary judgment must negate as a matter of law at least one element of each of the plaintiff's theories of recovery or plead and prove as a matter of law each element of an affirmative defense. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). If the defendant meets this burden, the burden shifts to the plaintiff to present evidence raising a fact issue. *See id.*

A no-evidence summary judgment is essentially a pre-trial directed verdict, and an appellate court applies the same legal-sufficiency standard in reviewing a no-evidence summary judgment. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). The appellate court views the evidence in the light most favorable to the non-moving party, disregarding all contrary evidence and inferences. *Id.* A no-evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law

2

or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is not more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a mere scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise of suspicion. *Moore*, 981 S.W.2d at 269.

Because the trial court granted TBPC's motion without specifying the grounds, the summary judgment will be upheld if any of the grounds are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

**TEXAS WHISTLEBLOWER ACT**

Section 554.002 of the government code prohibits a state or local governmental entity from terminating or taking other adverse employment action against a public employee "who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a). An entity is considered an "appropriate law enforcement authority," if:

> the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:
>
> (1) regulate under or enforce the law alleged to be violated in the report; or
>
> (2) investigate or prosecute a violation of criminal law.

3

*Id*. § 554.002(b). The determination of whether an entity is an appropriate law-enforcement authority is a question of law. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

In *Needham*, the supreme court clarified the standard for determining whether or not an entity is "an appropriate law enforcement authority" under the whistleblower act. *Id*. at 318-321. In that case, the question before the court was whether the Texas Department of Transportation ("TxDOT") was an appropriate law-enforcement authority to which an employee may report an alleged driving-while-intoxicated incident involving a TxDOT employee. *Id*. at 319. In deciding the issue, the court noted "it is clearly not enough that a government entity has *general* authority to regulate, enforce, investigate, or prosecute." *Id*. at 319 (emphasis in original). Rather, the court observed, the critical inquiry is whether the entity had authority to regulate or enforce the *particular* law that the employee reported had been violated. *Id.* at 320 (emphasis added). Noting that TxDOT has no authority to regulate or enforce Texas's driving while intoxicated laws, the Court held that, as a matter of law, TxDOT was "not an appropriate law enforcement authority under section 554.002(b) for a public employee to report another employee's violation of Texas's driving while intoxicated laws." *Id*. at 320.

The particular law that Reininger identifies in support of her whistleblower claim is section 404.094 of the government code, which requires "funds collected or received by a state agency under law" to be deposited in the treasury "at the earliest possible time" but "not later than the third business day after the date of receipt." Tex. Gov't Code Ann. § 404.094(a) (West 2004). Section 404.094 specifically charges the state auditor's office, not the comptroller's office, with the authority to investigate non-compliance. *See id.* ("If the *state auditor* finds that an agency has not

4

complied with this subsection, . . . .") (emphasis added). Accordingly, we hold that, as a matter of law, the comptroller's office is not an appropriate law-enforcement authority under section 554.002(b) for reporting a violation of section 404.094.

Nevertheless, Reininger may still obtain whistleblower act protection if she in good faith believed that the comptroller was an appropriate law-enforcement authority as defined in section 554.002(b). In *Needham* the supreme court defined "good faith" for purposes of section 554.002(b) to mean: "(1) the employee believed the governmental entity was authorized to (a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or prosecute a violation of criminal law; and (2) the employee's belief was reasonable in light of the employee's training and experience." *Id.* at 321.

Here, the summary-judgment evidence shows that Reininger first emailed the comptroller's office asking for "written documentation or legal [c]ite that prohibits the commingling of state and private company funds or requirement that all funds collected for sale of state goods be directly deposited to State Treasury." In response, a representative of the comptroller's office emailed Reininger an electronic version of section 404.094 of the Texas Government Code. The text of that provision, again, explicitly states that it is the state auditor who has the authority to determine noncompliance: "If the *state auditor* finds that an agency has not complied with this subsection, the state auditor shall make an estimate of any resulting financial loss to the state, . . . and report the amount to the legislative audit committee, the governor, and the comptroller." Tex. Gov't Code Ann. § 404.094(a) (emphasis added). In fact, it was undisputed that the state auditor had pre-approved the very procedure Reininger complained of. The summary-judgment evidence also

5

established that Reininger had 31 years' experience in the accounting field, including 19 years' experience in government accounting, three of which were spent working as a financial analyst at the comptroller's office.

After receiving the text of section 404.094, Reininger proceeded to send additional emails to the comptroller's office accusing TBPC personnel of violating the law. Given her experience and the text of section 404.094 she was furnished, we conclude, guided by *Needham*, that there is no evidence that Reininger could have believed in good faith that the comptroller's office was an appropriate law-enforcement authority for purposes of reporting TBPC's alleged violation of section 404.094. The district court did not err in granting TBPC's summary-judgment motion on this ground.

## CONCLUSION

We need not reach Reininger's challenges to TBPC's other summary-judgment grounds. *Provident Life & Accident Ins. Co.*, 128 S.W.3d at 216.[1] We affirm the judgment of the district court.

---

[1] We also need not address a cross-point that TBPC raised contending that the district court abused its discretion in considering what it argues is Reininger's late-filed summary-judgment evidence. In another "cross-point," TBPC urges that the district court erred by not also granting a plea to the jurisdiction that TBPC had asserted challenging whether Reininger had pled a claim within the whistleblower act. TBPC's plea challenged the same elements of Reininger's whistleblower claim that it attacked in its summary-judgment motion, but focused only on Reininger's pleadings and did not attach evidence. As TBPC is seeking to modify the district court's judgment, it would ordinarily be required to file a notice of appeal to raise this contention. *See* Tex. R. App. P. 25.1(c). In any event, we cannot conclude that the district court would have erred in overruling TBPC's jurisdictional challenge to Reininger's pleadings.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   July 3, 2008