Opinion issued November 23, 2005.



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00173-CV




WALTER F. CROWDER, Appellant

V.

W. RUSSELL SCHEIRMAN & JOLYN W. SCHEIRMAN, Appellees




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2003-42285




O P I N I O N

          Appellant, Walter F. Crowder, appeals from a no-evidence summary judgment
rendered in favor of appellees, W. Russell Scheirman & Jolyn W. Scheirman (the
Scheirmans). In his sole issue on appeal, Crowder asserts that the trial court erred in
granting the no-evidence summary judgment on his breach of contract claim. 
          We affirm.
Background
          In November 1999, the Scheirmans signed a stock-purchase agreement with
Crowder to sell him their home healthcare business, Ultrastaff Home Health Services,
Inc. (Ultrastaff). Ultrastaff is a Medicare provider that receives reimbursement from
Medicare. The stock purchase agreement between the Scheirmans and Crowder
contained an indemnity clause that provided, “[The Scheirmans] hereby indemnify
[Crowder] . . . [for] any third party claims . . . relating to any act or omission by [the
Scheirman’s] relating to the Company prior to the Effective Date that results in a civil
or criminal false claim or fraud determination.” 
          Six months after the sale and pursuant to federal regulations, Ultrastaff
prepared and submitted a cost report to the Center for Medicare Services (CMS), the
administrator for Medicare. Palmetto GBA, a fiscal intermediary for the Health Care
Financing Administration (HCFA), audited Ultrastaff’s cost report. Based on that
audit, CMS determined that Medicare had overpaid Ultrastaff by $361,681 and issued
a Notice of Program Reimbursement, seeking the overpayment from Ultrastaff.
Ultrastaff agreed to pay CMS over time, and Crowder demanded indemnity from the
Scheirmans.
          When the Scheirmans refused to indemnify him, Crowder filed a breach of
contract claim against them based on the indemnity provision. On December 8, 2003,
the Scheirmans filed a no-evidence motion for partial summary judgment on
Crowder’s indemnification claim. The Scheirmans argued that Crowder had
presented (1) no evidence that three different conditions precedent to invoking the
contractual indemnification provisions were satisfied; (2) no evidence that the limited
trigger for the contractual indemnification, namely a “civil or criminal false claim or
fraud determination,” occurred; and (3) no evidence that an act by the Scheirmans
resulted in any such determination.
          On December 30, 2003, the trial court signed an order that granted the
Scheirmans’ partial summary judgment without stating its reasons. The parties
nonsuited all remaining claims, thus making the judgment final. Crowder appeals
from this order. 
Analysis
          In one broad issue on appeal, Crowder argues that the trial court erred in
granting the Scheirmans’ no-evidence motion for summary judgment.
          Standard of Review
          A no-evidence summary judgment is essentially a directed verdict granted
before trial, to which we apply a legal-sufficiency standard of review. King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003); Jackson v. Fiesta Mart, Inc.,
979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). In general, a party seeking a
no-evidence summary judgment must assert that no evidence exists as to one or more
of the essential elements of the nonmovant’s claims on which it would have the
burden of proof at trial. Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.—Austin
2000, no pet.). Once the movant specifies the elements on which there is no
evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged
elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will be
sustained when (1) there is a complete absence of evidence of a vital fact, (2) the
court is barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more
than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact. King Ranch, 118 S.W.3d at 751. We view the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences. Id.
(citing Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)).
          A no-evidence summary judgment is improperly granted if the respondent
brings forth more than a scintilla of probative evidence to raise a genuine issue of
material fact. King Ranch, 118 S.W.3d at 751. When the evidence supporting a
finding rises to a level that would enable reasonable, fair-minded persons to differ in
their conclusions, more than a scintilla of evidence exists. See Havner, 953 S.W.2d
at 711. A defendant who moves for summary judgment need negate only one element
of the plaintiff’s cause of action. See Gibbs v. General Motors Corp., 450 S.W.2d
827, 828 (Tex. 1970).
          Indemnity Agreement
          Crowder filed suit against the Scheirmans for breach of contract, specifically,
breach of the indemnity agreement. The elements of breach of contract include (1)
the existence of a valid contract; (2) performance or tendered performance by the
plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by
the plaintiff as a result of the breach. Valero Mktg. & Supply Co. v. Kalama Int’l,
L.L.C., 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). The
supreme court requires that indemnity agreements be strictly construed to give effect
to the parties’ intent as expressed in the agreement. Ideal Lease Serv. v. Amoco Prod.
Co., 662 S.W.2d 951, 953 (Tex. 1984). The interpretation of an unambiguous
contract is a question of law, which is reviewed de novo. MCI Telecomms. Corp. v.
Tex. Utils. Elec. Co., 995 S.W.2d 647, 650–51 (Tex. 1999). 
          The contract’s indemnity provision is found in Paragraph 4.2. The provision
provides: 
(a) Sellers hereby indemnify Purchaser and his Affiliates against
and agree to hold each of them harmless from any and all damage,
loss, liability, Tax and expense (including, without limitation,
reasonable expenses of investigation and reasonably attorneys’
fees and expenses in connection with any action, suit or
proceeding) (collectively “Losses”) incurred or suffered by
Purchaser or any of his Affiliates arising out of (i) any
misrepresentation (whether or not intentional) or breach of
warranty, covenant or agreement made or to be performed by
Sellers pursuant to this Agreement, and (ii) any third party
claims, whether asserted before or after the Effective Date,
relating to any act or omission by Sellers relating to the
Company prior to the Effective Date that results in a civil or
criminal false claim or fraud determination; provided, that
Sellers’ liability for such indemnification in respect of Losses
arising under clause (i) of this paragraph shall not exceed Twenty
Four Thousand and No/Dollars ($24,000.00). 
 
(Emphasis added).
          The Scheirmans argued to the trial court and on appeal that Crowder presented
no evidence that a civil or criminal false claim or fraud determination occurred—a
necessary prerequisite to Crowder’s recovery of indemnification from the
Scheirmans. Crowder provided a one paragraph response. In that paragraph,
Crowder failed to provide any evidence that a false claim or fraud determination
occurred. Rather, he contended, 
The indemnification language is expansive—civil and criminal liability
does not exclude administrative decisions. Indeed, if the parties
intended to limit civil liability to claims under the False Claims Act, the
Agreement could have been so written. Instead, the common sense,
plain language, reading of the Agreement is that a civil finding of fraud
triggers the indemnification provision. If the facts at hand—submission
of expenses to Medicare for which the Scheirmans were paid but as to
which the fiscal intermediary found no substantiation—do not trigger
the indemnification provision, it is difficult to imagine conduct that
would trigger the indemnification provision. The Scheirmans’
interpretation of the indemnification provision would render it a nullity. 

          Crowder’s interpretation of the indemnification provision is not evidence. The
provision clearly requires an act by the Scheirmans that results in a civil or criminal
false claim or fraud determination.


 
          A determination that someone has submitted a false claim is not the same as a
notice seeking reimbursement for over-payment. The False Claims Act is a federal
statute that applies to the submission of claims for payment under various federal
statutes, including Medicare. See 31 U.S.C. § 3729 (2000). It provides liability for
any person who (1) “[k]nowingly presents, or causes to be presented, to . . . the
United States Government . . . a false or fraudulent claim for payment or approval”
or who (2) “[k]nowingly makes, uses, or causes to be made or used, a false record or
statement to get a false or fraudulent claim paid or approved by the Government.” Id.
§ 3729(a)-(b). Actions may be brought either by the United States Attorney General
or a private citizen in the name of the United States through a qui tam action. 31
U.S.C. § 3730(a)-(c). The United States must prove all essential elements of the
cause of action by a preponderance of the evidence. See id. § 3731(c). Here,
Crowder presented no evidence that any such action was brought, much less decided
against Ultrastaff, as a result of any act or omission of the Scheirmans. Crowder does
not refer us to any other evidence that shows that a false claim or fraud determination
occurred. In fact, in his response to the Scheirmans’ motion for summary judgment,
Crowder admits that the facts are generally undisputed. 
          We also note that, on appeal, Crowder and the Scheirmans cite to a number of
regulations that govern CMS and Medicare reimbursements. One section, in
particular, bolsters our conclusion that Crowder did not produce any evidence of a
false claim or fraud determination. Section 401.601(f) of the regulations, which
discusses fraud in claims collections, states, 
The regulations in this subpart do not apply to claims in which
there is an indication of fraud, the presentation of a false claim, or
misrepresentation on the part of a debtor or any other party
having an interest in the claim. CMS forwards these claims to the
Department of Justice for disposition under 4 CFR 105.1. 

42 C.F.R. § 401.601(f). Under this section, if CMS had determined that there was an
indication of a false claim or fraud, the claim would have been forwarded to the
Department of Justice for disposition. See id. There is no evidence that this
happened. Rather, the evidence supports the Scheirmans’ contention that CMS
sought only administrative recoupment, and not that Ultrastaff was found liable for
making a false or fraudulent claim as result of the Scherimans’ act or omission.
          Accordingly, we conclude that Crowder has failed to present more than a
scintilla of evidence of any third party claim relating to any act or omission by the
Scheirmans “that result[ed] in a civil or criminal false claim or fraud determination,”
as required to trigger the indemnification clause.
          We overrule Crowder’s sole issue.



Conclusion
          We affirm the judgment of the trial court.




                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.